HAMILL v. THE BANK OF CLEAR CREEK COUNTY.

THE PEOPLE EX REL. HAMILL, RELATOR, v. THE BANK OF CLEAR CREEK COUNTY, RESPONDENT.

1. SUPERSEDEAS.

It seems that the only proper function and effect of a *supersedeas* is to suspend the enforcement of the judgment of the court below.

2. SAME—CONTEMPT.

In an action of unlawful detainer, before a justice of the peace, plaintiff had judgment. Defendant appealed to the county court, which dismissed the appeal, and he thereupon sued out a writ of error, which was made to operate as a *supersedeas*. Pending the determination of a motion to vacate the *supersedeas*, the defendant in error took possession of the property in controversy. *Held*, defendant in error was not guilty of disobeying the strict letter of the *supersedeas*, but that its conduct was reprehensible and deserving of punishment.

*Error to the County Court of Arapahoe County.*

Mr. J. B. BELFORD and Mr. F. J. GALLOWAY, for plaintiff in error and relator.

Mr. THOMAS MITCHELL and Mr. VICTOR A. ELLIOTT, for defendant in error and respondent.

ORIGINAL PROCEEDINGS FOR CONTEMPT.

PER CURIAM.    The Bank of Clear Creek County, the respondent, brought an action of unlawful detainer before a justice of the peace against W. A. Hamill, and recovered a judgment therein for the possession of what is known as the " Hamill ranch."    An appeal from that judgment was dismissed in the county court, and the defendant (relator here) is prosecuting a writ of error from such judgment of dismissal.    Upon application of the plaintiff in error the writ of error was made to operate as a *supersedeas* to the judgment of the county court.    The defendant in error thereupon filed a motion to vacate such order, and pending the determination thereof took possession of the property in controversy, as it alleges, peaceably, and during the temporary absence therefrom of the plaintiff in error ; but, as the latter alleges, obtained possession by force, and through a conspiracy with the employees of the plaintiff in error, whereby they were induced to vacate and leave said premises in order that the defendant in error might obtain possession.    But we think it not very material whether or not force was used or a conspiracy formed.

The plaintiff in error then filed an affidavit in this court setting forth such state of facts and asking that the defendant in error might be cited for contempt.    Upon an order from this court for the defendant in error to show cause why it should not be punished for contempt, respondent filed its answer and proofs, from which the foregoing facts appear. It admits the taking of possession, but denies that any contempt or disrespect of this court was intended. · It further contends that it had the unquestioned right to take possession of the property in controversy notwithstanding the pendency of proceedings in this court, and notwithstanding the judgment of the court below was superseded.    The claim is that the *supersedeas* operates only upon the judgment of the court below, and is directed merely to the officers of that court, and that the only proper function and effect of such a writ is to suspend the enforcement of the judgment by the

appropriate writ, and prevent the court below and its officers and the parties to the suit from any attempt to get possession of the property by virtue of the judgment itself; and that it leaves the defendant in error free to resort to any other appropriate legal remedy, and permits it, also, of its own motion, to take possession of its property while the case is still pending in the court of review.

We have been cited to no case, neither have we been able to find any authority, in point, though the authorities cited by respondent as to the function of a *supersedeas* bear out its contention. *Dulin v. Pacific Wood Co.*, 33 Pac. Rep. 123. Counsel say that the case is one of first impression. Possibly it is, and, if so, the reason probably is that never before has a suitor deemed it wise to resort to such questionable methods.

We are of opinion that respondent is not guilty of disobeying the strict letter of the *supersedeas*; but it does not follow from this that its conduct is not reprehensible. The affidavit upon which this proceeding is founded, the evidence produced on this hearing, the admissions of respondent, and the proceedings in the case pending upon error, bring to our attention a course of conduct which, while not strictly constituting the particular contempt which relator supposed was committed, nevertheless is something which ought not to be tolerated and which deserves some punishment.

The respondent was the plaintiff in the action before the justice of the peace. It first asked for process to bring the relator into court in order that the controverted right of possession to this ranch might be adjudicated. Not only did it submit itself to the court's jurisdiction, but the subject-matter of the litigation (the possession of the property) was thus brought within the jurisdiction of the court.

The respondent obtained a judgment in its favor in the county court. That judgment was by the order of this court superseded. This was, for the purposes of that order, equivalent to deciding that there was probable error in the judgment of the court below. The respondent thereupon filed

its motion to vacate the order granting the *supersedeas.*
Hearing upon this motion was had, elaborate oral arguments
made, briefs filed.  The only object for asking to have the
*supersedeas* vacated was to remove from the court below
and from the respondent the restraint which the granting of
the writ accomplished, and thereby enable the respondent to
get possession of the property by the enforcement of such
judgment.

After this motion was submitted for determination, and
while this court was engaged in its consideration, the respond-
ent, disregarding the proceeding which it had instituted to
relieve itself from the effect of the court's previous order,
virtually took the law into its own hands and took possession
of the property in controversy.

Had the respondent at or before the time it thus took pos-
session, and before it was cited to show cause why it should
not be punished for contempt, been in a position to confess
error, and thus have the case remitted to the lower court, or
to dismiss its motion to vacate the *supersedeas*, probably the
conduct complained of might not be considered so censurable
or flagrant; but for it, while prosecuting in court a remedy
which, if granted, would enable it to get possession of the
property under the protection of the judgment, deliberately
to take that possession while the court was considering its
application for relief, without withdrawing its motion, is
nothing less than a trifling with the court whose jurisdiction
had been invoked.  To suffer this to be done, and permit a
party to a suit to reap the benefits of such conduct or retain
the advantages thus gained, would be to confess the inability
of courts to protect parties litigant while the litigation is
pending; would be to allow the time of the court to be con-
sumed by useless wranglings; would be to enable a suitor
to experiment with the court, and, when anticipating an ad-
verse ruling, set at naught and disregard such proceedings
begun by him and take the law into his own hands, and at
the same time impose upon the court the duty of continuing
its examination of his case while he is in the enjoyment of

the very thing the possession of which he has asked the court to give him.

But the respondent has throughout this matter acted upon the advice of able and honorable counsel, whose learning and standing at the bar preclude any suspicion of unworthy motives, and whose course in this action has apparently received some recognition in the decision of cases somewhat analogous.   He undoubtedly believed that his advice was sound, and he had no thought or intention of disregarding any duty he owed to the court.   Besides this, the protestations of respect for this court made by counsel, as well as like declarations by the officers of the bank, we believe to be true and genuine, and not inspired by any fear of punishment.   Considering the premises, we shall inflict no fine, but the order will be that the respondent vacate the premises, and deliver possession thereof to the relator within twenty-four hours.

HAYT, C. J., dissents.