[19251. In Bank.—May 16, 1893.]

# E. G. DULIN, RESPONDENT, v. PACIFIC WOOD AND COAL COMPANY ET AL., APPELLANTS.

APPEAL—STAY OF PROCEEDINGS—INJUNCTION—RESTRAINING PERSONS NOT PARTIES.—A writ of *supersedeas* or order for the stay of proceedings pending on an appeal is limited to restraining any action upon the judgment appealed from, and cannot be used to perform the functions of an injunction against the parties to the action, restraining them from any act in the assertion of their rights, other than to prevent them from using the process of the trial court to enforce the judgment, nor can the writ be employed for any purpose upon persons not parties to the judgment.

ID.—CORPORATIONS—SUIT TO SET ASIDE ELECTION OF DIRECTOR—STAYING ACTION OF DIRECTOR PENDING APPEAL—RECOGNITION OF FELLOW-DIRECTORS.—Where one claiming to have been duly elected a director of a corporation filed a petition under the provisions of section 315 of the Civil Code to have the election of another party as a director set aside, and to confirm the election of himself as such director, and after a trial thereof the court rendered a judgment declaring the petitioner elected and confirming his election, a writ of *supersedeas* will not be granted pending an appeal by the defeated party to restrain the party in whose favor judgment was rendered from acting as director, under the recognition of his fellow-directors, where no proceedings have been had or attempted upon the judgment.

MOTION in the Supreme Court for a writ of *supersedeas.*

The facts are stated in the opinion of the court.

*D. L. Withington,* and *Works & Works,* for Appellants.

*Conklin* v. *Hughes,* and *E. V. Shaw,* for Respondent.

HARRISON, J.—At a meeting of the stockholders of the Pacific Wood and Coal Company, a corporation, held at San Diego, November 17, 1892, for the election of five directors for the year then next ensuing, the appellant Clugston was declared elected as one of the directors. The respondent herein claimed that certain votes offered to be cast for himself at the election should have been received, and that if they had been received, the result of the election would have shown that he was elected instead of Clugston. On the 10th of December, 1892, Dulin filed his petition in the superior court of the county of San Diego, under the provisions of section 315 of the Civil Code, making the corporation and Clugston defendants, and praying the court to set aside the election of Clugston as a director, and to confirm the election of himself as such director, and for such other relief in the premises as might seem proper. The matter was heard by the court, and on the 25th of January, 1893, it rendered its judgment that at the said election Dulin was elected one of the directors of the corporation, and that his election be confirmed, and that Clugston was not elected, and had not since the seventeenth day of November, 1892, been a director in said corporation. On the same day the defendants appealed from the judgment, and now ask for an order "staying the proceedings in this action and restraining the respondent Dulin from doing any act as director, president, or manager of the appellant, the Pacific Wood and Coal Company, or interfering with the management of the business of said company by the appellant Clugston as director and president, and the other directors thereof."

Each of the contestants herein states in his affidavit filed upon this motion that after the election in November he was duly elected president of the corporation, the respondent Dulin stating that he "was by said board of directors duly elected president of said corporation," and the appellant Clugston that he "was duly elected president of said corporation by the votes of himself, James Wells, and Clugston, being a majority of said board," from which it would appear that after the election two of the directors recognized the appellant as having been elected one of their number, while two others recognized the respondent, and that each of the contestants thereafter assumed to act

XCVIII. CAL.—20

as such president.    It also appears from the affidavits that, after judgment had been entered herein, the corporation brought an action against the appellant Clugston for the purpose of preventing him from trespassing upon its property, or interfering with its business, and that by virtue of the process issued therein, Clugston was ejected from certain premises belonging to the corporation, and Dulin took possession thereof, and assumed to act as a director and its president, and that Clugston was excluded from the management thereof.    The appellants contend that by virtue of their appeal the respondent is prohibited from doing these acts, and they now ask for this order in support of their contention.

The writ of *supersedeas* is " an auxiliary process designed to supersede the enforcement of the judgment of the court below brought up by writ of error for review." ( *Williams* v. *Bruffy,* 102 U. S. 249.)    Originally it was a writ directed to an officer commanding him to desist from enforcing the execution of another writ, which he was about to execute, or which might come into his hands.    In modern times the term is often used synonymously with a stay of proceedings, and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment.    In this state the writ is frequently granted by this court for the purpose of staying proceedings in the superior court, when a review of the action of that court is sought in this court, either upon direct proceeding or on appeal, and is directed to the court whose action is under review, or to an officer of that court who may be about to enforce its judgment.

Section 949 of the Code of Civil Procedure declares that in cases like the present the perfecting of an appeal "stays proceedings in the court below upon the judgment or order appealed from," thus creating a statutory *supersedeas,* or " a suspension of the power of the court below to issue an execution on the judgment or decree appealed from ; or, if a writ of execution is issued, a prohibition against the execution of the writ." ( *Hovey* v. *McDonald,* 109 U. S. 159.)    If after such appeal the court below seeks to enforce its judgment, this court will grant a special order or writ restraining its action.    The writ itself is directed to the court whose action is sought to be restrained, or

to some one of its officers, and is limited to restraining any action
upon the judgment appealed from.   It cannot be used to per-
form the functions of an injunction against the parties to the
action, restraining them from any act in the assertion of their
rights, other than to prevent them from using the process of
the court below to enforce the judgment, nor can the writ be
employed for any purpose upon persons not parties to the judg-
ment.   Its effect is merely to leave the parties to the judgment
in the same position as they were prior to its entry, and to pre-
vent the appellant from being prejudiced by its enforcement.
There are many judgments, however, which are self-executing,
or which have an intrinsic effect, upon which there are no pro-
ceedings to be stayed, and which will not be affected by an
appeal therefrom.   A judgment granting or dissolving an in-
junction, or determining the *status* of an individual, granting
or denying a divorce, or an annulment of marriage, quieting
title to a tract of land, setting aside the execution of a deed,
are instances of such judgments.   In *Walls* v. *Palmer*, 64 Ind.
496, a judgment had been rendered suspending the petitioner
from practicing as an attorney, and it was urged that an appeal
therefrom had the effect of restoring him to his right to practice
during the pendency of the appeal.   The court, however, held
that to give that effect to the appeal would be to reverse the
judgment of the suspension before the appeal was judicially
decided, saying:  "The effect of the appeal and *supersedeas* is
to stay the judgment of suspension as it is, and prevent further
proceedings against the petitioner.   It does not reverse, sus-
pend, or supersede the force of the judgment; that remains in
all respects the same.   The judgment itself requires no further
execution than its own terms.   It executes itself, except as
to the collection of costs, which is stayed by the appeal and
*supersedeas*.   The only effect of an appeal to a court of error,
when perfected and while pending, is to stay execution upon
the judgment from which it is taken."   And herein should be
observed the distinction between the effect of an appeal from a
judgment in staying further proceedings thereon, and its effect
in depriving the judgment itself of any efficacy as evidence of
the fact determined.   The appeal suspends its force as a con-
clusive determination of the rights of the parties, but the stay

of proceedings consequent upon the appeal is limited to the enforcement of the judgment itself, and does not destroy or impair its character.

The purpose of the present application is not to prevent the court from taking any action to enforce its judgment, but to prevent Dulin from acting as one of the directors of the corporation. His assuming to be such director, while it may be in consequence of the judgment, is not a proceeding upon the judgment. The acts done and threatened by him were not done by virtue of the judgment, but in consequence of the recognition by his fellow-directors of his right to co-operate with them. The fact that the judgment was rendered in his favor may have been a motive governing the other directors in recognizing him as a fellow-director, and in admitting him to their counsels and excluding Clugston therefrom, but such action is independent of the proceeding in court. The stay of proceedings upon the enforcement of the judgment resulting from the appeal cannot prevent the moral support which the rendition of the judgment may give to the other directors, or form the basis of an injunction against them, nor can it be invoked to prevent the respondent from committing a trespass against the appellant. Its only effect is to leave the parties in the same situation with reference to the rights involved in the action, as they were in prior to the rendition of the judgment. They still have, notwithstanding the appeal, the same right to assert, outside of the court, or in any other proceeding, their respective rights as they had prior thereto. While this proceeding was pending in the court below, that court had no authority by virtue thereof to enjoin Dulin from assuming to act as a director, and after it had adjudged that he had been duly elected one of the directors, there would have been a manifest inconsistency in enjoining him from acting as such director. The appeal from that judgment cannot confer upon Clugston any greater right to an injunction against Dulin than he had prior to its rendition. The court limited its action to ascertaining the result of the election, and did not grant any relief in the premises other than to confirm the election of Dulin and to declare that Clugston was not elected. No other proceedings have been had or attempted in the court below upon this judg-

ment, and the judgment itself does not contemplate or authorize any other proceedings, or any process to enforce it.

The motion is denied.

McFARLAND, J., DE HAVEN, J., and FITZGERALD, J., concurred.