[L. A. No. 16221. In Bank.—April 19, 1939.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Petitioner and Respondent, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents; WILLIAM H. NEBLETT, Appellant.

[L. A. No. 16245. In Bank.—April 19, 1939.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Petitioner and Respondent, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents; ALFRED F. MacDONALD, Appellant.

[L. A. No. 16246. In Bank.—April 19, 1939.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Petitioner and Respondent, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY ·OF CALIFORNIA (a Corporation) et al., Respondents; VERNON BETTIN et al., Appellants.

William H. Neblett and Alfred F. MacDonald, *in pro. per.*, E. Walter Guthrie, A. H. McCurdy, Bettin, Painter & Waite, Neblett, Warner & MacDonald, R. Dean Warner and LeRoy B. Lorenz for Appellants.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General, John L. Flynn and Hester Webb, Deputies Attorney-General, Frank L. Guerena, Peery Price, Shepard Mitchell and Mitchell, Silberberg, Roth & Knupp for Petitioner and Respondent.

Herbert E. Freston, Roscoe R. Hess, Rex Hardy, Arthur E. White, Carl C. Katleman, Andrew J. Copp, Jr., Ben S. Hunter and John P. Oliver, *in pro. per.*, and O'Melveny, Tuller & Myers, Overton, Lyman & Plumb, Hugh K. McKevitt, Rupert B. Turnbull, Manierre & Cuthbertson, Kenyon F. Lee, H. S. Dottenheim, Neil S. McCarthy, W. B. Etheridge, Delvy T. Walton, Albert E. Coger, Jacob J. Lieberman, Aaron B. Rosenthal, Lawler & Felix, David R. Rubin, Chapman, Snider, Duke & Landis, Hiram W. Johnson, Jr., Frank P. Doherty, Ivan Merrick, Oscar Lawler, Harold Judson, Shattuck, Davis & Story, Paul Overton, Latham, Watkins & Bouchard, Bell, Boyd & Marshall, Newlin & Ashburn, Garnet C. Rainey, Chapman & Chapman, Hahn & Hahn, M. W. Purcell, Loeb, Walker & Loeb, William M. Rains, D. M. Ellison, Cosgrove & O'Neil, John J. Cramer, A. A. Carmichael, Ray Howard and Henry Huntington for Respondents.

THE COURT.—The above numbered appeals have been taken by the named appellants, policyholders of The Pacific Mutual Life Insurance Company of Califorina, from an order of the superior court made under section 1016 of the Insurance Code (Stats. 1935, chap. 145, p. 496), directing the insurance commissioner to wind up and liquidate the business of the insurance company. The appeals, by stipulation, have been consolidated.

The controversy between the commissioner and the appellants had its origin in 1936 when the commissioner, acting pursuant to the powers conferred upon him by statute, took over the affairs and business of the insurance company, and worked out a plan of rehabilitation. The legality of the seizure and the lawfulness and propriety of the plan of rehabilitation have already been upheld by this court. (*Carpenter* v. *Pacific Mut. Life Ins. Co.*, 10 Cal. (2d) 307 [74 Pac. (2d) 761], affirmed with opinion, *Neblett* v. *Carpenter*, 305 U. S. 297 [59 Sup. Ct. 170, 83 L. Ed. 182].) The facts and circumstances surrounding the seizure, and the provisions of the rehabilitation agreement are fully set forth in the above opinions. So far as pertinent here, it appears that on July 22, 1936, the insurance commissioner initiated proceedings against the company by filing an application for an order appointing him conservator of the company. The order was granted the same day, and the commissioner immediately took possession of the assets and business of the company. Because of doubt as to the validity of the first order, on August 11, 1936, the commissioner applied for and secured a new order of the court appointing him conservator. On the prior appeal it was held that the July order was void, but that the seizure of the assets on July 22, 1936, was valid inasmuch as the commissioner may lawfully make such seizure without a court order. After being validly appointed conservator, the commissioner worked out a plan of rehabilitation. After a full hearing, the trial court, on December 4, 1936, made its order approving the plan of rehabilitation submitted by the commissioner, and authorizing its execution. Substantially the same group of appellants as are involved on this appeal, appealed from the rehabilitation order. The order was affirmed, this court holding that the submitted plan was fair and equitable to all concerned, including appellants. The United States Supreme Court held that the plan submitted and the procedure adopted by the commissioner in no way violated appellants' constitutional rights. (*Carpenter* v. *Pacific Mut. Life Ins. Co.; Neblett* v. *Carpenter, supra.*)

The plan of rehabilitation thus upheld approved the organization by the commissioner as conservator of a new insurance company, the assumption by it of all the policies of consenting policyholders of the old company, and the paying

off of nonconsenting policyholders. The plan contemplated that the commissioner would later be appointed liquidator of the old company for the purpose of liquidating the remaining assets of that company and the paying of the claims of nonconsenting policyholders. Appellants are in this last-mentioned group.

The commissioner, as conservator, put the plan of rehabilitation into operation, and then, as contemplated by that plan, in January of 1937, applied to the court below for an order of appointment as liquidator of the old company, and requested authority to liquidate that company. This procedure is recognized by section 1016 of the Insurance Code, which provides in part: "If at any time after the issuance of an order under section 1011 (the section authorizing the commissioner's appointment as conservator) it shall appear to the commissioner that further efforts to proceed under said section would be futile, he may apply to the court for an order to liquidate and wind up the business of said" insurance company. The petition recited the factual background of the transaction, and contained the requisite legal allegations required by section 1016. The petition prayed for an order directing the liquidation of the company and requested that the court fix July 22, 1936, the date of the seizure of the old company, "as the date and time as of which the rights and liabilities of respondent corporation and of creditors, policyholders, shareholders, and members, and all other persons interested in the assets of said respondent corporation shall be fixed". The petition alleged that this last-mentioned relief was necessary to prevent confusion and conflict, and to protect the rights of all concerned. After the issuance of an order to show cause the appellants filed their return. They did not challenge any of the allegations of the petition, and particularly did not challenge the allegations that further efforts to proceed as conservator would be futile or that liquidation was necessary. The main contention made by appellants in their return was that they had appealed from the rehabilitation order; that the appeal stayed all proceedings on that order; that the liquidation proceedings "are further proceedings upon the judgment of December 4, 1936, and further proceedings upon the matters embraced in that judgment"; that pending the appeal from the rehabilitation order the superior court was without jurisdiction to entertain the

proceedings to liquidate. It was also alleged that if the old company were liquidated pending the appeal from the rehabilitation order, appellants would be deprived of the benefits of their appeal from that order.

On February 3, 1937, the court entered its order entitled "Order for Liquidation". It is from this order that the present appeals have been taken. So far as pertinent here, the order recites the facts in reference to the rehabilitation order of December 4, 1936, and what was done thereunder. It is stated that "it is the fact that further efforts on his (the commissioner's) part, to conduct, as conservator, the business or any part of the business of respondent corporation, would be futile". The order also recites the necessity of giving policyholders and creditors an opportunity to file their claims and that it is fair and proper to fix the rights of such persons as of July 22, 1936, and they are so fixed. The commissioner was appointed liquidator of the business of the old company, and as liquidator he was directed to wind up and liquidate the business of that company. Title to the assets of the old company was vested in the commissioner as liquidator.

■ In their original briefs appellants rely on three main points for a reversal. It is first urged that under section 946 of the Code of Civil Procedure the appeals from the rehabilitation order acted as an automatic stay of proceedings so as to deprive the trial court of power to entertain the order here appealed from while such appeals were pending. The answer to this contention is that the provisions of section 946 of the Code of Civil Procedure, and of the related section 949 of the same code, have no application to a special proceeding such as is here involved. The sections are found in part II of the code which deals only with civil actions. This part of the code has no application to special proceedings of this nature unless specifically made applicable thereto by statute. On the appeal from the rehabilitation order it was expressly held that the proceedings under the Insurance Code are special proceedings and that the procedural sections of part II of the Code of Civil Procedure have no application thereto. ■ The legislature has seen fit to make the provisions of part II of the code expressly applicable to many special proceedings. Its failure to do so in reference to proceedings under the Insurance Code must be held to have

been intentional. We must presume that the legislature intended that upon appeal from orders or judgments made under the Insurance Code the *supersedeas* should not be automatic, but whether one should be granted should rest in the sound discretion of the court in the exercise of its power to grant *supersedeas* where no statutory stay exists.

It is next urged that it was reversible error for the trial court to fail to make formal findings of fact and conclusions of law. On the prior appeals this identical contention was considered and found to be without merit. It was there held that in making orders under the Insurance Code the trial court is under no duty to make findings of fact and conclusions of law. (*Carpenter* v. *Pacific Mut. Life Ins. Co., supra,* p. 327.)

The third contention of appellants is that the order here appealed from is void, because, it is urged, it attempts to modify the rehabilitation order then pending on appeal, in that, under the rehabilitation order, title to the stock of the new company was vested in the commissioner as conservator, while the order now under appeal purports to vest title to such stock in the commissioner as liquidator as of July 22, 1936. This contention is unsound. The fact that the order to liquidate provides, in the language of section 1016 of the Insurance Code, that assets theretofore held by the commissioner as conservator shall remain vested in him as liquidator, and that the order fixes July 22, 1936, as the date upon which creditors' and policyholders' rights shall be fixed, does not make the order to liquidate in these respects an amendatory order of the rehabilitation order. These provisions obviously were inserted in the liquidation order (as the statute provides) in order to provide that the alteration in the commissioner's duties in carrying on the business of the old company as conservator, to winding it up as liquidator, should not divest nor disturb his titles. The construction of the order contended for by appellants is unwarranted. The order does not provide that the commissioner's rights in the stock of the new company as liquidator date back to July 22, 1936. His rights as liquidator arose only upon the making of the liquidation order and the trial court did not attempt to provide otherwise. The court did not attempt to date back the change of the commissioner's function and title—all that it

did was to fix, pursuant to statutory authority, the date as of which all creditors' rights should be fixed.

After the United States Supreme Court had affirmed the decision of this court upholding the validity of the rehabilitation order, appellants secured leave to file a supplemental brief, admittedly raising new questions described by them as being "wholly jurisdictional and constitutional". Several of the new arguments are based on the contention that both the rehabilitation and liquidation orders, for various reasons, deprive appellants of their constitutional rights. Many of these contentions were considered by the United States Supreme Court on the prior appeal and found to be unsound. These points need not be considered again.

█ Most of the new contentions, other than those already mentioned, are partially predicated upon the record of the prior appeal, of which appellants contend that we can and should take judicial notice. It is urged that the entire proceedings leading up to and terminating in the appointment of the liquidator, including all proceedings involved on the prior appeal, were and are void. It is urged first that as the law read at the time of the entry of the order here appealed from (the law in this respect has since been changed—Stats. 1937, chap. 932), the Insurance Code required that an order appointing a liquidator had to be preceded by a valid order first appointing the commissioner conservator; that in determining whether such prior order was made we are limited to the recitals found in the liquidation order; that that order recites that the commissioner was appointed conservator on July 22, 1936; that on the prior appeal it was determined that this July order was void; that, therefore, the liquidation order, so far as the record before us shows, was not supported by a valid prior order appointing the commissioner conservator. The basic premise upon which this contention is based—that the liquidation order was based solely on the order of July 22, 1936—is unsound. When the trial court entered its order appointing the commissioner liquidator on February 3, 1937, the rehabilitation order was then pending on appeal. On that appeal one of the main questions involved was whether the commissioner had been validly appointed conservator on July 22 or August 11, 1936. It was ultimately held on that appeal that the July 22d order was void and that the commissioner was not validly appointed

conservator until August 11, 1936. The trial court in framing the liquidation order referred to both the July and August orders. In other words, while it is true that the liquidation order recites that the commissioner "was appointed conservator on July 22, 1936", it also recites that the "orders of this court appointing said conservator herein made on July 22, 1936, *and on August 11, 1936*". Stated another way, the order here appealed from recites on its face the making of a valid order appointing the commissioner conservator, and the mere fact it refers to the earlier void order is totally immaterial.

■ It is next urged, on several grounds, that the trial court never acquired jurisdiction of the rehabilitation proceedings, and therefore, all subsequent proceedings, including the instant proceeding, are invalid. It is contended that the legal effect of this court's opinion on the prior appeal was to ratify the void order of July 22, 1936, and that this deprives the policyholders of due process. It is also urged that the order of August 11, 1936, appointing the commissioner conservator was void because made without notice to the old company, and without service upon it of the application as required by section 1038 of the Insurance Code; that the jurisdictional requirement of service was not met by the unauthorized appearance of some officers and attorneys of the old company; that such appearance was collusive; that even if such appearances were authorized by resolution of the board of directors of the old company, such resolution was ineffectual to confer jurisdiction on the superior court; that mere seizure by the commissioner without a prior order based on notice and a hearing gave the commissioner no authority to proceed. It will be noted that all of these attacks are not directed against the order from which the present appeals have been taken but at either the rehabilitation order or the order of August 11, 1936. These orders have been affirmed by this court and by the United States Supreme Court. To escape the legal effect of these affirmances appellants in their attempt to relitigate the question of the validity of the rehabilitation order and the order of August 11th, rely on the rule that the affirmance of a void order imports no force or validity thereto. (*Pioneer Land Co.* v. *Maddux,* 109 Cal. 633 [42 Pac. 295, 50 Am. St. Rep. 67].) The rule of the Maddux case only applies to questions which

were not decided or involved on the prior appeals—as to all questions which were involved on the prior appeals, as to appellants, on this collateral attack, obviously, the prior determinations are *res judicata.* (*Lake* v. *Bonynge*, 161 Cal. 120, 131 [118 Pac. 535].) Clearly the question of the jurisdiction of the trial court to make the order of August 11, 1936, was involved on the prior appeals. Some of the points now made by appellants were in fact made on the prior appeals, and decided adversely to their present contentions. Even if some of the points now urged were not made upon the prior appeals, it is perfectly clear that both the trial court and this court in the prior action determined adversely to appellants the question of jurisdiction. From a very early date in this state it has been settled that ''the first point decided by any court, although it may not be in terms, is, that the court has jurisdiction, otherwise it would not proceed to determine the rights of the parties. For the purposes of the first trial in this court, the jurisdiction was as much determined as though the point had been made and passed upon; certain it is, that unless made, it cannot now be questioned''. (*Clary* v. *Hoagland*, 6 Cal. 685, 688.) As was stated in *Scrimsher* v. *Reliance Rock Co.*, 1 Cal. App. (2d) 382, 383, 393 [36 Pac. (2d) 688] : ''It is plain to us that the decision of the first appeal is *res judicata* on the question of jurisdiction subsequently and now raised by appellant. (See *White* v. *Fresno Nat. Bank*, 98 Cal. 166, at p. 167 [32 Pac. 979] ; *Clary* v. *Hoagland*, 6 Cal. 685.) To hold otherwise on the record here presented would be lending encouragement to dilatory and highly technical procedure subversive of an effective disposition of an appeal fully briefed and decided on the merits.'' Clearly, by affirming the order of December 4, 1936, this court decided that the superior court had jurisdiction, and that point cannot now be relitigated. It should be mentioned that the United States Supreme Court on the prior appeal interpreted this court's decision as having passed on the question of jurisdiction. (*Neblett* v. *Carpenter, supra*, p. 172.)

In view of this conclusion we do not intend to consider each of appellants' contentions at length. We think it proper to state, however, that on the merits, each of the contentions is unsound. The contention that the legal effect of this court's opinion on the prior appeal was to ratify the

void order of July 22, 1936, is entirely unwarranted and is unsound. It was held that the filing of the petition on July 22, 1936, gave the trial court jurisdiction; that the orders made on that date were void; that the order of August 11th was valid; that the seizure on July 22, 1936, could lawfully be made without court order; that the trial court had power to ratify and confirm the commissioner's acts in this regard independently of the order of July 22, 1936. Several of the other contentions now raised are points which could properly be raised, if at all, only upon a full record. ■ Both the present appeals and the prior appeals have been taken on the respective judgment rolls. On such appeals the evidence is not before us and cannot be considered. ■ The contention that the record shows that the order of August 11, 1936, was made without notice to the old company and without service upon it of the application, and that section 1038 of the Insurance Code requires such notice and service, and therefore the order is void, is untenable. Even if the record did disclose these facts, it would not affect the validity of the order. Section 1038 provides that such applications shall be served upon the insurance company "in the manner prescribed by law for personal service of summons". Section 416 of the Code of Civil Procedure provides that "the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him". The record shows such voluntary appearance. The charges of fraud and collusion repeated on this appeal were considered and found to be without merit on the prior appeal.

Appellants make other contentions concerning the validity of the rehabilitation order, some based on alleged constitutional and others on alleged jurisdictional grounds. As already stated, the constitutional grounds were answered by the Supreme Court of the United States adverse to appellants' contentions. The alleged jurisdictional grounds have either been already answered in this opinion or are so clearly unsound as not to merit further discussion.

From what has been said it follows that the order appealed from should be and hereby is affirmed.

Chief Justice Waste and Justice Edmonds, being disqualified, did not participate in the decision.