[L. A. No. 17175. In Bank.—December 2, 1939.]

SAMUEL L. CARPENTER, Jr., as Insurance Commissioner, etc., Petitioner and Respondent, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents; WILLIAM H. NEBLETT et al., Appellants.

William H. Neblett, *in pro. per.*, and Neblett, Warner & MacDonald, Bettin, Painter & Wait, E. Walter Guthrie, Allan H. McCurdy and J. Merrill Brown for Appellants.

Earl Warren, Attorney-General, John L. Nourse, Deputy Attorney-General, Hester Webb, and Mitchell, Silberberg, Roth & Knupp for Petitioner and Respondent.

H. S. Dottenheim, Cosgrove & O'Neil, John N. Cramer and Peery Price for Respondents.

SHENK, Acting C. J.—This is a motion by the petitioner, the Insurance Commissioner of this state, to affirm, summarily, an order of the trial court correcting its minutes, *nunc pro tunc.*

In 1936, the petitioner, acting under authority conferred by statute, took over the business and assets of The Pacific Mutual Life Insurance Company of California. A plan was formulated for liquidation and rehabilitation of the company, which plan contemplated among other things a sale and transfer of assets to a new corporation of similar name. On July 22, 1936, pursuant to the provisions of the Insurance Code, and in furtherance of the plan of rehabilitation, the commissioner instituted a special proceeding wherein he applied for an order approving the plan and appointing himself as conservator of the company. The new corporation filed a petition in intervention. On July 22d the order prayed for was made, the petition for intervention was granted, and the commissioner took possession of the business and assets of the company. A question arose as to disqualification of the judge who made the order of July 22d. On August 11, 1936, the commissioner applied for and procured from a different trial judge, Judge Willis, an order reappointing the commissioner as conservator and approving the rehabilitation plan. Subsequently, the rehabilitation plan was carried into operation. In lieu of a more detailed statement of facts, reference is hereby made to *Carpenter* v. *Pacific Mutual Life Insurance Co.*, 10 Cal. (2d) 307 [74 Pac. (2d) 761]; *Neblett* v. *Carpenter*, 305 U. S. 297 [59 Sup. Ct. 170, 83 L. Ed. 182]; *Carpenter* v. *Pacific Mutual Life Insurance Co.*, 13 Cal. (2d) 306 [89 Pac. (2d) 637]. These decisions were uniform in declaring the lawfulness of the orders approving the plan and furthering its execution.

Early in 1939, the attention of some of the parties interested in the proceeding was directed to the minutes of the trial court of August 11, 1936, and particularly to the purported order of dismissal incorporated in and italicized in the following copy of said minutes:

"Matter re appointment of Conservator etc. in accordance with section 1011 of the Insurance Code, also comes on for hearing. . . . Attorney Flynn presents an order for appointing conservator. S. L. Carpenter and Albert H. Mowbray are sworn and testify and are cross-examined. Respondent's Exhibit 'A' in this hearing (Copy of Resolution of Defendant Company) is admitted and filed. The application and peti-

tion, in accordance with section 1011 of the Insurance Code, is ordered granted by the Court and Order for same filed. *Matter is dismissed without prejudice.*"

The purported order of dismissal was not included in the voluminous records on the prior appeals to this court above noted; nor was it brought to the attention of the Supreme Court of the United States in *Neblett* v. *Carpenter, supra.*

After its discovery, and on March 3, 1939, the commissioner petitioned the trial court, Judge Willis presiding, for an order to show cause why a correction should not be made in the minutes of August 11th, by deleting therefrom the words, "Matter is dismissed without prejudice". The order to show cause was issued returnable before Judge Willis on March 20, 1939, but before the return date and on March 17, 1939, Judge Willis, of his own motion, entered a *nunc pro tunc* order making the correction, and also entered an order vacating the order to show cause and dismissing the proceeding in which it was issued.

The appellants seek a reversal of the order of correction on the ground that the evidence is insufficient to justify the order. In support of the motion for a summary affirmance of the order, it is contended that the appeal fails to present any substantial question. This contention must be sustained.

It is the long-settled rule that courts of record in this state have inherent power to make a correction, *nunc pro tunc* or otherwise, of clerical errors and misprisions in their records. in order that such records conform to the facts and speak the truth. (*Kohlstedt* v. *Hauseur*, 24 Cal. App. (2d) 60, cases cited p. 62 [74 Pac. (2d) 314]; *Livesay* v. *Deibert*, 3 Cal. App. (2d) 140 [39 Pac. (2d) 466]; *Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412]; 7 Cal. Jur., p. 613, sec. 28; 4 Cal. Jur. Supp., p. 432 et seq.) Under this rule the corrections may be made at any time, either on motion of an interested party, or on the court's own motion. In the present proceeding it was not improper for the court to make the correction prior to hearing of the order to show cause. Since the correction was purely that of a clerical error, notice thereof to the appellants was unnecessary and they may not be deemed to have been prejudiced by the order made without notice.

In the case of *Kohlstedt* v. *Hauseur, supra,* it is said: "The respondent contends that the court did not have jurisdiction to make the orders amending the judgment *ex parte.* The law is that the court may make the correction *ex parte* and of its own motion. (*Crim* v. *Kessing, supra* [89 Cal. 478, 26 Pac. 1074, 23 Am. St. Rep. 491] ; *Lauchere* v. *Lambert, supra; Livesay* v. *Deibert,* 3 Cal. App. (2d) 140 [39 Pac. (2d) 466].) In the case of *Livesay* v. *Deibert, supra,* the Court of Appeal said : 'Appellant makes the further claim that the court could not make the order *ex parte,* but only on motion after notice given. This view, however, is contrary to the settled rule that the court not only has the power but is also under the duty, upon its own motion, to correct such mistakes when they are called to its attention. (*Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8].)' "

■ Appellants urge that the error was judicial and not clerical, and that therefore the trial court was without power to correct it. If the error was in fact judicial, this point would be well taken, as judicial error may not be corrected by a trial court under the guise of rectifying a clerical mistake (see cases above cited). However, the trial judge has full power in the first instance to determine the character of the error, and his conclusion, in the absence of a clear showing to the contrary, is final. Quoting again from *Kohlstedt* v. *Hauseur, supra,* at pages 62, 63 : "It is for the judge who made the original decision to decide whether the judgment as written expresses his decision. (*Kaufman* v. *Shain, supra* [111 Cal. 16, 43 Pac. 393, 52 Am. St. Rep. 139] ; *Kowalsky* v. *Nicholson, supra* [23 Cal. App. 160, 137 Pac. 607].) In acting upon the matter the judge is exercising one of the functions of his judicial office and he will not direct the amendment unless he is satisfied that the original entry does not clearly express the order which was made. (*Kaufman* v. *Shain, supra.*) In the case of *Livesay* v. *Deibert, supra,* the court further said : 'It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to

make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory (*King* v. *Emerson, supra* [110 Cal. App. 414, 288 Pac. 1099, 294 Pac. 768]) and his determination of the fact is conclusive. (*People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Harman* v. *Cabaniss,* 207 Cal. 60 [276 Pac. 569].)''

■ In the present proceeding the record fully supports the conclusion that the error was a clerical one. The bill of exceptions contains a statement of facts which are not controverted and which reads in part as follows: ''On August 11, 1936, in the afternoon of said day, certain proceedings were had herein in the above entitled Court, Honorable Henry M. Willis, Judge presiding, and referred to in said minutes of August 11, 1936; and said Honorable Henry M. Willis, Judge presiding, retained on March 17, 1939, and still retains an independent recollection of the substance of said proceedings. Said Honorable Henry M. Willis, Judge presiding, during the course of said proceedings took and preserved and still preserves full bench notes which reflect the substance of said proceedings and reflect the fact that no other proceedings were then had. Neither on August 11, 1936, nor at any other time, did the Insurance Commissioner herein or his counsel or the respondent corporation or its counsel make or file or join in any written or oral request or consent or stipulation or motion for the dismissal of the proceedings then pending herein, or any part or portion thereof, and no such request, consent, stipulation or motion appears in the records or files herein, and neither on August 11, 1936, nor at any other time, did the court make, issue, render, or order, any dismissal or order or direct a dismissal, of the proceedings then pending therein, or any part or portion thereof; and said Honorable Henry M. Willis, Judge presiding, so recalled on March 17, 1939, and still so recalls. No notation of any such dismissal as is referred to in said Minute Entry was made in the Register of actions herein.''

The order signed by Judge Willis of March 17, 1939, correcting the minutes of his court *nunc pro tunc* as of August

11, 1936, after recitals not necessary to be repeated, proceeds as follows:

"And it being known to the undersigned judge of said court, who heard and determined said matter and proceeding, and it being within said judge's own memory and knowledge that no order or direction of dismissal of said matter or proceeding was made by the court at said time or at all, and that said matter of application for appointment of conservator was not dismissed and was not ordered dismissed.

"Therefore, on the court's own motion and to make such minutes to speak the truth, it is ordered that the minutes of said department·of this court entered on said date of August 11, 1936, be and the same are hereby corrected *nunc pro tunc,* by striking therefrom at the end thereof the words: 'Matter is dismissed without prejudice'."

Following the recitals in the bill of exceptions, the bench notes of Judge Willis are set forth, together with a certified copy of the reporter's transcript of the proceedings had at the afternoon session of August 11, 1936. In none of this data is there any intimation of a dismissal of the proceeding. The evidence as a whole leaves no room for a conclusion other than that the words of dismissal crept into the clerk's minute entry as a result of inadvertence and clerical error. Indeed even without this persuasive showing it appears on the face of the minute order itself that the purported direction of dismissal is incongruous and bears no relevancy to the surrounding recitals. The trial judge's determination that the error was clerical is therefore fully supported by the record.

 Appellants' further contention that all proceedings had and taken after the entry of the purported order were void, because the action had been dismissed, fails with the holding that there was in fact no dismissal.

There is nothing in our opinion in *Estate of Burnett,* 11 Cal. (2d) 259 [79 Pac. (2d) 89], which would justify a different conclusion herein. This is not a case where the only conclusion which could be drawn from the record is that the error was a judicial as distinguished from a clerical error.

The order appealed from is affirmed.

Curtis, J., Houser, J., Carter, J., Gibson, J., Pullen, J., *pro tem.*, and Tuttle, J., *pro tem.*, concurred.

Rehearing denied. Waste, C. J., and Edmonds, J., did not participate.