[L. A. No. 17995. In Bank. June 25, 1943.]

WM. H. NEBLETT et al., Appellants, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

[L. A. No. 18008. In Bank. June 25, 1943.]

WM. H. NEBLETT et al., Plaintiffs, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation) et al., Respondents; ANTHONY CAMINETTI, JR., as Insurance Commissioner, etc., Appellant.

Wm. H. Neblett in pro. per., Josiah Brill, E. W. Miller, Vernon Bettin and Alfred F. MacDonald for Appellants in L. A. No. 17995.

Earl Warren, Attorney General, Mitchell, Silberberg, Roth & Knupp and Peery Price for Appellant in L. A. 18008.

Overton, Lyman & Plumb, Donald H. Ford, Cosgrove & O'Neil, John N. Cramer, Edward R. Young, J. M. Mannon, Jr., Harold A. Black, Burnham Enersen, Hobson & Garrett, Finlayson, Bennett & Morrow, Gibson, Dunn & Crutcher and Henry F. Prince for Respondents.

GIBSON, C. J.—This appeal presents another phase of the protracted litigation which has followed the seizure of the business and assets of the Pacific Mutual Life Insurance Company of California by the insurance commissioner for purposes of rehabilitation or liquidation. Since that time the legality of the seizure, the lawfulness of the plan of rehabilitation through organization of a new company, the propriety of an order providing for liquidation of the old company, and the validity of a voting trust agreement under which the stock of the new company was transferred from the commissioner to five voting trustees, have been upheld in a sequence of decisions on appeal. (*Carpenter* v. *Pacific Mutual Life Ins.*

*Co.,* 10 Cal.2d 307 [74 P.2d 761], affirmed in *Neblett* v. *Carpenter,* 305 U.S. 297 [59 S.Ct. 170, 83 L.Ed. 182]; Id., 13 Cal. 2d 306 [89 P.2d 637]; Id., 14 Cal.2d 704, 711 [96 P.2d 796]; *Caminetti* v. *Pacific Mutual Life Ins. Co.,* this day filed, *ante,* pp. 344 [139 P.2d 908] and 386 [139 P.2d 930].) All prior attacks were made in the statutory proceeding. The present appeal, however, arises out of a contemporaneous, independent action in equity in which certain policyholders and stockholders of the old company seek to annul all orders and steps taken in that proceeding. After an extended trial, judgment went against plaintiffs and they noticed an appeal. The separate appeal of the commissioner from that portion of the judgment sustaining the validity of the voting trust is controlled and determined by our decision in *Caminetti* v. *Pacific Mutual Life Ins. Co., ante,* p. 344 [139 P.2d 908]. That decision is also determinative of all questions raised by plaintiffs with respect to validity of the voting trust.

Plaintiffs' principal contention is that all orders in the statutory proceeding should be set aside for fraud. It is well settled that a final judgment may not be attacked in equity upon this ground unless the alleged fraud is extrinsic or collateral, such as where ''an unsuccessful party to an action has been kept in ignorance thereof . . . or has been prevented from fully participating therein.'' (*Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105]; see, also, *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Hammell* v. *Britton,* 19 Cal.2d 72 [119 P.2d 333]; *Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605].) In an effort to bring the present action within this rule plaintiffs urge that certain of the defendants conspired to deprive them of their rights in the assets of the old company by falsely declaring it insolvent and instituting the statutory proceeding wherein court approval was obtained of the commissioner's acts and the rehabilitation plan, and that the stockholders and policyholders were prevented from showing in the statutory proceeding the facts as to the conspiracy and lack of insolvency of the old company.

Portions of the record in the statutory proceeding were introduced upon the trial of this cause. It appears therefrom that the alleged conspiracy and false representations of insolvency here relied on were advanced in that proceeding by plaintiffs herein and other intervening stockholders and pol-

icyholders, including appellant Neblett, and were presented to the court on October 8, 1936. Certain of the policyholders and stockholders, however, then withdrew all objections on these grounds. Neblett and others produced no evidence of fraud and conspiracy in support of their objections, which were rejected by the court upon motion of the commissioner. The order of December 4, 1936, approving the rehabilitation agreement and all acts of the commissioner, recites that the court had considered all objections and had afforded full opportunity to all persons to be heard. ■ Even if we were to accept plaintiffs' contention that the issues had been completely withdrawn from the statutory proceeding and that absence of fraud was not a necessary incident to the matters determined by the order of December 4, 1936, it would avail them nothing. The record therein shows that the plaintiffs then knew of the alleged conspiracy and false representations of insolvency, that they had notice of the hearings upon the petition for approval of the rehabilitation agreement, and, further, that they were represented in court. It follows that they were not prevented from fully litigating these matters, and the trial court herein correctly concluded that plaintiffs did not establish extrinsic fraud. (See 3 Freeman on Judgments (5th ed. 1925) 2533, § 1218.)

■ Nor do we find any error in the rulings of the trial court in rejecting certain offers of proof directed to the fraud issue. These offers did not tend to show that defendants had prevented plaintiffs from proving the alleged collusion and fraud in the statutory proceeding. And no effort is made to explain the fact that the pleadings in that proceeding disclose that plaintiffs then knew of the alleged fraud, nor do they explain the failure to there fully litigate the issue. (*Hammell* v. *Britton, supra,* p. 80.) It must be concluded therefore that no prejudice resulted from the rulings.

■ Plaintiffs cannot make out a case of extrinsic fraud by asserting that the order of August 11, 1936, appointing the commissioner conservator, was obtained by collusion and false representation and without notice to the stockholders or policyholders. Notice thereof was not essential. (*Carpenter* v. *Pacific Mutual Life Ins. Co.,* 13 Cal.2d 306 [89 P.2d 637].) The order was merely preliminary to the order of December 4, 1936, in which the acts of the commissioner were approved (see *Carpenter* v. *Pacific Mutual Life Ins. Co.,* 10 Cal.2d 307, 323 [74 P.2d 761]), and it is not subject to attack unless the latter order is first set aside for fraud.

■ We find no error in the ruling permitting defendants to place in evidence a printed copy of the judgment roll used on the appeal from the order of December 4, 1936. (*Carpenter* v. *Pacific Mutual Life Ins. Co.*, 10 Cal.2d 307 [74 P.2d 761].) Plaintiffs' objection that the offer was premature is disposed of by a reference to section 2042 of the Code of Civil Procedure which provides that the order of proof is in the sound discretion of the trial court. The objection that the transcript was incomplete became immaterial when the trial court permitted plaintiffs to place in evidence copies of the omitted orders. ■ Equally without merit is plaintiffs' contention that the transcript was not properly certified. Examination discloses that it was certified by the clerk of this court as a true copy of the original transcript which theretofore had been certified by the clerk of the trial court, and the error, if any, in admitting it in this form was not prejudicial.

■ There is no merit in plaintiffs' contention that all orders in the statutory proceeding are void because of the absence of a jurisdictional fact, namely, insolvency or hazardous financial condition of the old company when seized in 1936. Contrary to plaintiffs' argument, the transcript of that proceeding discloses that the issue was there raised and litigated. The initial petition under which the commissioner was appointed conservator alleged insolvency, and the petition for approval of the rehabilitation agreement and of all acts of the commissioner alleged that further transaction of business by the company would be hazardous. The pleadings and objections in opposition thereto alleged solvency of the old company. Evidence was adduced upon the matter, and, finally, the order of December 4, 1936, recited that at the time of its seizure the old company was in such condition that further transaction of business would be hazardous to all concerned. The issue of insolvency was not removed from the statutory proceeding, as contended by plaintiffs, by reason of orders made therein on September 25 and October 8, 1936. The order of September 25, together with a petition filed on the same day, was but a means of amending the petition to approve the rehabilitation agreement and does not evidence an intent to remove the insolvency issue. The order of October 8 merely corrected a prior order *nunc pro tunc* to conform to the facts by indicating that the issue had not then been determined by the court. The record in the statutory

proceeding discloses that the issue was in fact litigated. (*Cf.* *Carpenter* v. *Pacific Mutual Life Ins. Co.* 13 Cal.2d 306, 315 [89 P.2d 637].)

█ It is claimed that defendants' answers herein admit the company was solvent, thus bringing this case within the rule that where a party admits facts showing invalidity of a judgment valid on its face it must be set aside. (*Akley* v. *Bassett*, 189 Cal. 625, 630-639 [209 P. 576]; *Thompson* v. *Cook*, 20 Cal.2d 564, 569-573 [127 P.2d 909].) As originally filed the answers alleged a good will or going concern value but made no mention of the company's liabilities which may have been greater. As amended, the answers alleged that these intangibles were worth approximately one-third of the value first alleged and that they did not constitute assets for the purpose of determining solvency, hazardous condition, etc. It is clear, therefore, that the amended answers do not constitute admissions of solvency.

The contention that ownership of policies in the company by the former commissioner invalidated the rehabilitation agreement is completely answered by our holding in *Caminetti* v. *Pacific Mutual Life Insurance Co.*, L. A. 17678, *ante*, p. 344 [139 P.2d 908], disposing of a similar attack upon the validity of the voting trust.

█ Plaintiffs contend that the pendency of appeals in the statutory proceeding served to suspend or terminate the trial court's jurisdiction to enter the judgment in this action. The cases cited by plaintiffs are distinguishable in that they relate to the suspension of a trial court's jurisdiction in the *same* case in which the appeal was pending. Pendency of an appeal in one action is not a bar to the maintenance of a second action raising similar issues if, as here, no abatement or continuance is sought at trial of the second action. (*Pellissier* v. *Title Guarantee etc. Co.*, 208 Cal. 172 [280 P. 947].)

Finally, plaintiffs urge that the judgment is void because entered by a judge who was disqualified by relationship to one of the parties. There is no merit in this contention. Shortly after commencement of the trial the judge announced that he had discovered that his sister owned stock in the old company. Two days thereafter the parties signed and filed a stipulation waiving any disqualification of the judge ''which may now exist under subdivisions 2, 3, 4 or 5 of section 170 of the Code of Civil Procedure, or which may arise under those subdivisions . . . specifically including but

not limited to, the ownership by his sister of stock" in the company. Plaintiffs attempt to escape the effect of the stipulation by stating that when signed they were unaware that the judge's sister was a "member" of two stockholders' committees, one of which is a party herein. A similar contention was determined adversely in *Caminetti* v. *Pacific Mutual Life Insurance Co.*, L. A. 17680, *ante,* p. 386 [139 P.2d 930]. The terms of the stipulation are sufficiently broad to embrace any disqualification resulting from such stock ownership, including the sister's participation in the activities of the stockholders' committee. And, as must have been known by plaintiffs, the committee was a party of record at the time the stipulation was signed.

Nor do we find any error in the trial court's action granting a motion to strike the statement of disqualification. It is true a judge has no jurisdiction to pass upon his own disqualification, but where the statement of disqualification is legally insufficient and is based on frivolous grounds, he may disregard it or strike it from the record. (*People* v. *Hooper,* 16 Cal.App.2d 704 [61 P.2d 370]; *People* v. *Sweet,* 19 Cal. App.2d 392 [65 P.2d 899]; *Ephraim* v. *Superior Court,* 42 Cal.App.2d 578 [109 P.2d 378].) The statement of disqualification filed in this case recited the stipulation above referred to and disclosed on its face that it was without substance. The trial judge therefore properly granted the motion to strike the statement of disqualification.

The judgment is affirmed.

Shenk, J., Curtis, J., and Spence, J. pro tem., concurred.

PETERS, J. pro tem.—I dissent.

By this independent action in equity certain policyholders and stockholders of the Pacific Mutual Life Insurance Company of California seek to annul, on the ground of extrinsic fraud, all orders made in the statutory proceeding by which the commissioner took over the assets of that company and sought to rehabilitate it. These plaintiffs appeal from the judgment upholding all of such orders. The commissioner separately appeals from that portion of the judgment sustaining the validity of the orders relating to the voting trust fully discussed in *Caminetti* v. *Neblett,* L. A. 17678, *supra,* p. 344. I agree with the majority opinion insofar as it affirms the judgment holding that none of the orders was affected by extrinsic fraud.

I disagree with that opinion insofar as it affirms that portion of the judgment upholding the orders relating to the voting trust. For reasons fully stated in the dissent in *Caminetti* v. *Neblett,* L. A. 17678, *supra,* that portion of the judgment should be reversed.

Traynor, J., concurred.

Appellants' petition for a rehearing was denied July 22, 1943. Traynor, J., and Peters, J. pro tem., voted for a rehearing.