[Civ. No. 11828. First Dist., Div. Two. May 1, 1942.]

MANUEL R. SERPA, Respondent, v. L. C. DAVIDSON et al., Appellants.

Frank V. Campbell, Walter E. Rankin and Yale S. Kroloff for Appellants.

Jensen & Holstein, S. F. Holstein and Robert E. Cassin for Respondent.

DOOLING, J. pro tem.—Several appeals are here presented on one transcript: 1. An appeal from a purported minute order of November 19, 1940, granting plaintiff a new trial; 2. An appeal from an order of November 20, 1940, granting a new trial; 3. An appeal from an order of November 26, 1940, expunging from the record the minute order of November 19, 1940, first above mentioned; and 4. An appeal from an order of November 27, 1940, denying defendant's motion to strike and vacate the order of November 20, 1940.

The action was for personal injuries received by plaintiff in an automobile collision. The jury returned a verdict for defendant and plaintiff duly moved for a new trial.

On November 19, 1940, the clerk made an entry in the minutes reciting that "the Court now makes its Order that said motion for new trial be and it is hereby granted on the ground of error in instructions."

On November 20, 1940, an order signed by the trial judge was filed with the clerk in terms granting the motion for new trial on the following grounds: "1. The insufficiency of the evidence to justify the verdict; 2. That it is against law."

On November 20, 1940, the clerk made an entry in the minutes reading:

"The Court directs the clerk to enter the corrected minute order herein as follows: Motion for New Trial herein having been presented and submitted the Court now makes its Order that said motion for new trial herein be and it is hereby granted on the grounds of insufficiency of the evidence to justify the verdict and that it is against law."

On November 26, 1940, the trial judge, acting ex parte, signed and filed with the clerk an order herein quoted in full, as follows:

"It appearing that the Clerk through mistake and inadvertence and a misunderstanding that the Court had made an Order, which in fact said Court had not made, made an entry of a purported minute order granting a new trial in the above entitled action on the 19th day of November, 1940.

"That said mistake on the part of the Clerk was due to the fact that he misunderstood the Court to have made an order when in fact said Court was only discussing its intention of making its formal order on the following day, as counsel for the defendant had just cited a Supreme Court decision which the Court wished to consider before making its order either granting or denying the motion for New Trial.

"That the only true and correct order on the Motion for New Trial made in the above entitled action is for the order made and entered on the 20th day of November, 1940, and that the minute entry and purported minute order entered on the 19th day of November, 1940, is a clerical error inadvertently made without the Order of the Court by reason of the misunderstanding above recited.

"It is therefore ordered that the minute entry and purported minute order dated the 19th day of November, 1940, be and the same is hereby expunged from the record."

It is too well settled to require extended citation of authority that the court has control of its own records with inherent power to correct them to make them speak the truth. The ministerial act mistakenly performed by the clerk in purporting to enter an order never made by the court can have no judicial force or effect. To hold otherwise would be to endow the clerk with judicial functions and to enable him to bind the court by his purely ministerial errors.

It will suffice to cite the case of *Carpenter* v. *Pacific Mutual Life Insurance Co.*, 14 Cal. (2d) 704 [96 P. (2d) 796]. In that case as in this the clerk made a minute entry reciting a purported order which the court had not in fact made, the purported order in that case reading: "Matter is dismissed without prejudice." The court later struck these words from the minutes by ex parte order. The Supreme Court said at page 707:

"It is the long-settled rule that courts of record in this state have inherent power to make a correction, *nunc pro*

*tunc* or otherwise, of clerical errors and misprisions in their records, in order that such records conform to the facts and speak the truth. . . . Under this rule the corrections may be made at any time, either on motion of an interested party, or on the court's own motion. In the present proceeding it was not improper for the court to make the correction prior to hearing of the order to show cause. Since the correction was purely that of a clerical error, notice thereof to the appellants was unnecessary and they may not be deemed to have been prejudiced by the order made without notice.''

On pages 708 and 709 of the same opinion appears the following quotation from *Livesay* v. *Deibert,* 3 Cal. App. (2d) 140 [39 P. (2d) 466]:

''It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. . . . The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory . . . and his determination of the fact is conclusive.''

It follows that the order of November 26, 1940, expunging the minute entry of November 19, 1940, was valid and effective and the court committed no error in its order of November 27, 1940, denying appellant's motion to strike and vacate the order of November 20, 1940, since the order of November 20, was the only order actually made by the court on the motion for new trial.

It remains only to determine whether the written order signed and filed by the judge on November 20, 1940, granting the motion for new trial on the ground of insufficiency of the evidence finds support in the record. Respondent was riding in an automobile driven by another which came into collision with the automobile driven by appellant. He testified that while the car in which he was riding was passing another car going in the same direction appellant drove his car into the middle lane of a three lane highway and the collision occurred there. Evidence was given of prior statements by respondent that he did not remember anything about the collision or how or where it took place, and appellant also points to conflicts and inconsistencies in respondent's testimony given at the trial and by deposition. The credibility of respondent was for the trial court to determine. If the trial judge believed the version of the accident most favorable to respondent as testified to by himself such evidence was, suffi-

cient to support a plaintiff's verdict. Where the new trial is granted for insufficiency of the evidence the inquiry of an appellate court will go no further than to determine whether there is substantial evidence to support a verdict in favor of the moving party.

The appeal from the purported order of November 19, 1940, since expunged from the minutes, is dismissed. On the other three appeals the orders are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.