[Civ. No. 5623. Third Appellate District.—May 15, 1936.]

JOHN ALEXANDER CHASTAIN et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

Butler, Van Dyke & Harris for Petitioners.

Albert E. Sheets for Respondents.

THE COURT.—This is a petition for a writ of prohibition to restrain the respondent judge from trying a damage case on the ground that he is disqualified, under the provisions of section 170 of the Code of Civil Procedure, having previously expressed his opinion to the effect that one of the petitioners and his witnesses had committed perjury in testifying at a former trial of the same cause regarding a material issue which was involved therein. By means of a demurrer it is charged the petition fails to state facts sufficient to warrant the issuing of a writ. No answer has been filed.

The petition alleges that Robert N. Hicks brought suit against the petitioners in the Superior Court of Sacramento County for damages resulting from injuries received in an automobile collision; that the material allegations of the complaint were denied and it was affirmatively alleged in the answer that the accident occurred as a result of the contributory negligence of the plaintiff; that the cause was twice tried by the respondent Malcolm C. Glenn, as judge of said court, sitting with a jury; that both juries rendered verdicts in favor of the defendants; that upon motions therefor new trials were granted by said judge from the judgments which were rendered pursuant to those verdicts; that in passing on the first motion for new trial the judge said, in effect, that evidence was received at the trial which would support the implied finding of the jury that the plaintiff was guilty of negligence which contributed to the accident, but that the defendant John A. Chastain and other witnesses had deliberately perjured themselves in testifying upon that subject, and that he (the judge) had seriously considered presenting to the grand jury for indictment a charge of

perjury against them; that he had further said he would not permit any judgment to stand in his court which was based on perjury, and that "upon that ground alone" he was granting a new trial; that the cause was thereupon again set for trial before the same judge, but that, prior to the second trial, counsel for the defendants personally interviewed the judge in his chambers, calling attention to his statements regarding the veracity and credibility of one of his clients and of their witnesses, and requesting him to voluntarily disqualify himself from again trying the cause as provided by section 170 of the Code of Civil Procedure, which the judge declined to do; that the case was again tried by the same judge sitting with a jury, which once more rendered a verdict in favor of the defendants; that on motion for a new trial the judge again granted a new trial on the same ground; that the cause was then set for trial before the same judge for the third time; that prior to the time set for the last-mentioned trial the defendants formally objected in writing to the judge again trying the cause on the ground that he was disqualified for bias as evidenced by his previous charge that one of the defendants and his witnesses had committed perjury as heretofore related at the former trials of the case; that the judge filed a written answer to that charge of bias conceding that he had used substantially that language with regard to one of the defendants and some of his witnesses, and that "the views of the undersigned are the same as heretofore", but that his opinion regarding the veracity of those witnesses was obtained solely from the evidence adduced at the former trials and not otherwise, and asserted that he was not biased against the defendants or unable to give them a fair and impartial trial; that the question regarding the alleged bias and prejudice of the judge was thereupon heard by another judge of the same superior court, who determined that Judge Glenn was neither biased against the defendants or any of them nor disqualified from again trying the same case; that the respondent judge will proceed to try the cause for a third time unless he is restrained from doing so by this court.

▉ For the purpose of passing on the demurrer to the petition for a writ of prohibition, we must assume that all of the facts related therein are true. Indeed, the respondent

judge has frankly admitted the allegations of the charge of perjury which he made against one of the defendants and his witnesses. There is substantially no controversy regarding the facts of the case. The question of the existence of bias or prejudice in the mind of the trial judge which will disqualify him from again trying the cause is therefore a problem of law to be determined.

The question to be decided is whether a judge is disqualified from trying for a third time a case for damages for negligence in the operation of an automobile when upon granting new trials therein he declared that one of the defendants and some of his witnesses had committed perjury in testifying at the former trials regarding the material issue of contributory negligence; that he would not permit any judgment to stand in his court which was based on perjury; that he was still of the same opinion regarding their commission of perjury, and that a new trial was twice granted by him on the sole ground that he believed those witnesses were guilty of perjury.

The California authorities have definitely declared the rule of law to be that a trial judge who has charged a party litigant with having committed perjury in testifying at the trial with respect to a material issue when the judge of the case concedes that he still retains that same opinion of the litigant's veracity is disqualified under the provisions of section 170 of the Code of Civil Procedure from again trying the same cause. (*Evans* v. *Superior Court*, 107 Cal. App. 372 [290 Pac. 662, 666]; *Briggs* v. *Superior Court*, 215 Cal. 336 [10 Pac. (2d) 1003].) These cases are determined on the theory that a judge who possesses a fixed opinion that a party to a suit which is pending before him has deliberately perjured himself by testifying falsely regarding a material issue in the case, must necessarily believe the litigant is unworthy of belief, and that his testimony at a subsequent trial of the same case is likely to be discredited. Perjury is the wilful testimony of a person under oath, before a competent tribunal, of material facts known by him to be false. (Sec. 118, Pen. Code.) It must be true that a judge who believes that a litigant has wilfully sworn falsely regarding a material issue in a case pending before him is likely to discredit his testimony on that issue in a subsequent trial of the same case if there is a conflict of evidence in that

regard, and that the judge then necessarily entertains bias which disqualifies him, under the provisions of section 170 of the Code of Civil Procedure, from presiding at another trial of the same case whether he sits with or without a jury. Entertaining such a conviction regarding the veracity and integrity of a defendant and his witnesses upon a material issue in a damage suit affecting the question of contributory negligence, the convictions of the judge may result in depriving the litigant of a valid defense. As the Supreme Court said in the Briggs case, *supra:*

"When the trial judge acts as the trier of both the facts and the law his qualifications, so far as bias and prejudice are concerned, are somewhat the same as the qualifications of a juror. No one would doubt that if a juror stated that he was of the opinion that one of the parties to the action was not only capable of being but had, to his knowledge, been guilty of making false statements under oath, such juror would and should be disqualified, even if that juror stated that he could give the parties a fair trial. (*Quill* v. *Southern Pac. Co.,* 140 Cal. 268 [73 Pac. 991].)"

In both of the California cases above cited, the facts were very similar to those of the present case. We are therefore of the opinion those authorities are determinative of this proceeding. In the Evans case the trial judge, in reviewing the evidence, stated in effect that one of the parties to the suit in testifying as a witness therein "had made wilful misstatement of facts". Like the trial judge in the present case, that judge affirmatively denied that he entertained bias or prejudice against the party, and asserted that the opinion which he had expressed and which he still retained regarding the veracity of the litigant was derived solely from the evidence adduced at the trial. Yet the court there said:

"The remarks in the decision were, no doubt, prompted by the respondent judge's sense of justice and because of his firm belief that perjury had been committed by the petitioners in his court. . . . We must assume that the decision and opinion of Judge Tappaan, and every part thereof, is amply sustained by the evidence. On the other hand, is it fair and just to allow a judge who has such a definite, positive, fixed and firm belief, justifiable though it may be, . . . to again pass upon the issues of fact in a case where the defendants will undoubtedly be material witnesses?

. . . Can the judge ignore his opinion and belief, though honest it may be, that these petitioners have wilfully testified falsely? We think not. . . . It would be unfair to ask a judge, under these circumstances, to again try issues of fact involving the honor, integrity and veracity of men whom he had so recently condemned and denounced.

"Assuming that the trial judge was correct, . . . they (the petitioners) nevertheless are entitled to go before a judge of another department of the court, one who will assume that they are telling the truth until the contrary has been shown and where no attaint of perjury will follow them. There they may present their defense, if any they have, to a judge who has not a fixed or settled opinion of their integrity or veracity."

In the Briggs case, *supra*, which presented a very similar situation, the Supreme Court has approved the preceding language of the Evans case. It is there said:

"The District Court of Appeal has recently decided a case closely in point with the instant case. . . .

"We are in accord with the theory of the above [Evans] case, and are of the opinion that the principles therein stated are conclusive in the case at bar."

█ In holding that the judge who tried the present case is disqualified from again trying the same cause, we would not be understood as criticizing his conduct. We are of the opinion he should be commended for his fearless and conscientious declarations. It is not only the privilege of a trial judge, who is not in accord with the verdict of a jury because he believes that it is not supported by the evidence, or for the reason that he thinks it was procured by perjured testimony, to set the judgment aside, but it is also his sworn duty to do so. We commend that judge who, honestly entertaining such conviction, fearlessly declares his views, even though the admission of that opinion may disqualify him, rather than to proceed to try the cause again while he secretly entertains that opinion. The opinion may be founded on facts that warrant the conclusion of the judge. █ But while it is the duty of the trial judge to set aside a judgment which he has reason to disapprove, it is equally the right of a litigant to have his cause tried by one who has no preconceived opinion against his veracity which may preclude a full and a fair consideration of the facts and the law which are involved therein.

■ When there is uncontradicted evidence that the trial judge entertains a fixed opinion that a party to an action has deliberately perjured himself upon a material issue or that he is unworthy of belief, and frankly admits he possesses that frame of mind, the law entitles the litigant to the privilege of a trial before some other judge. Under such circumstances the question regarding the existence of bias or disqualification becomes one of law. (*Evans* v. *Superior Court of Los Angeles County, supra.*)

■ The writ of prohibition is the proper remedy to restrain a judge from trying a case on the ground that he is disqualified after the question of his bias has been passed upon by another judge as provided by the terms of section 170 of the Code of Civil Procedure, for the reason that such a proceeding is final and conclusive and an appeal therefrom does not lie. (*Briggs* v. *Superior Court of Los Angeles County, supra.*)

We are of the opinion the petition states a good cause of action, and that the demurrer should be overruled. It is so ordered. The facts of this case are conceded, and there is no request to file an answer. The writ of prohibition is therefore granted restraining the respondent, Malcolm C. Glenn, from again trying the cause. The writ is discharged with respect to its application to the Superior Court of Sacramento County.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1936. Seawell, J., and Curtis, J., voted for a hearing.