[Civ. No. 5799. Third Appellate District.—March 18, 1937.]

MILLER & LUX INCORPORATED (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF STANISLAUS COUNTY et al., Respondents.

[Civ. No. 5800. Third Appellate District—March 18, 1937.]

MILLER & LUX INCORPORATED (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF STANISLAUS COUNTY et al., Respondents.

J. E. Woolley, Vincent J. McGovern, Athearn, Chandler & Farmer, Milton T. Farmer, Roy V. Reppy, George E. Trowbridge, Treadwell, Laughlin & Treadwell, Griffin & Boone and F. H. Pearson for Petitioners.

Theodore M. Stuart, James F. Peck, Geo. K. Ford and Simpson Finnell, Jr., for Respondents.

THE COURT.—There was pending in the Superior Court of Stanislaus County at all the times herein referred to, four

companion cases commonly referred to as the Vandervort, the Patterson, the Newhall and the Wilson cases, all involving issues having to do with certain water rights on the San Joaquin River, with the attorneys for the respective parties substantially the same.

The Vandervort and the Patterson cases were called for trial March 12, 1936, before Judge Caminetti of Amador County, sitting by designation of the Judicial Council. The Vandervort case was selected for trial, but counsel for plaintiffs in the Patterson case, in order to prevent the cause being dismissed for lack of prosecution under section 583 of the Code of Civil Procedure, asked and was granted permission to introduce a small amount of documentary evidence, occupying about 30 minutes in time. The case was thereafter continued from time to time. Similarly the Newhall and Wilson cases were called, a jury demanded, and an order made setting these cases for trial for June 29, 1936. On that date, while the Vandervort case was still being tried, those proceedings were likewise interrupted long enough to permit plaintiff to offer some evidence for the purpose of avoiding a dismissal. Over objection, a witness was sworn and examined briefly and the cause then continued.

On November 5, 1936, and upon the calling of these cases for further hearing, defendants in each of the three cases presented and filed statements of disqualification of Judge Caminetti. No written answer was filed to these statements, and without notice to defendants, and in their absence, these documents were ordered stricken from the files.

Thereupon defendants, as petitioners, sought a writ of prohibition to prevent Judge Caminetti from proceeding with the several trials or performing any judicial acts in connection therewith, and for a writ of review to annul the order striking from the files these statements of disqualification.

The specifications of bias and prejudice set forth in the statement presented by petitioners are very similar to those contained in the statement filed and considered by this court in the cases of *Woolley et al.* v. *Superior Court,* and *Miller & Lux Incorporated* v. *Superior Court,* numbered 5749 and 5750 (*ante,* p. 611 [66 Pac. (2d) 680]), an opinion concerning which was this day filed.

It is herein charged that the judge was biased and prejudiced, and such attitude was evidenced by his statements and

conduct during the course of the Vandervort case, and they there set forth in detail many of the specifications considered by us in the cases of *Woolley et al.* v. *Superior Court,* and *Miller & Lux Incorporated* v. *Superior Court, supra,* including the conversation had with Mr. Hyatt, state engineer.

On October 8, 1936, when the matter of the disqualification of the judge in the Vandervort case was before the court, the judge is there alleged to have said, "I am going to withdraw the request that I made of Mr. Taylor to procure another judge to try the other cases (referring to the cases now before us) and you can get ready and prepare your statement of disqualification in those other cases because we are going to trial—we are going to trial on them," it being asserted by plaintiffs herein that this statement was made in a vindictive manner, and the said judge was seeking to try these cases for the sole purpose of injuring these defendants and punishing their counsel.

The situation here before us is entirely different from that presented in *Miller & Lux Incorporated* v. *Superior Court, supra.* There, the statement of disqualification was filed after the completion of the trial, after the return of the verdict of the jury, and after the entry of judgment and on the day set for hearing the motion for a new trial. We there held under the conditions existing, such an attempt to disqualify the judge on the ground of bias or prejudice came too late. No such condition here existed. All that was done in these cases was to introduce some formal evidence, very obviously not to establish any fact but merely to prevent a dismissal of the actions for failure to prosecute. It is apparent from the statement of the judge to the effect he was going to withdraw his request to procure another judge to try these cases that until that moment counsel did not know that Judge Caminetti intended to act under the assignment and preside in these particular trials, but, on the contrary, had reason to think he would not.

In the Vandervort case the question there to be decided was whether or not the statement of disqualification was presented at the earliest practicable opportunity. Here that question cannot be seriously considered. The statement of disqualification was filed very shortly after the announcement of Judge Caminetti that he proposed to try these cases. Also the statement was presented before a jury was empaneled and before

the real issues in these cases were presented, and was clearly presented at the earliest practicable opportunity.

Here a series of actions against the same defendants were set for trial simultaneously. During the trial of the first cause, continuations were had in these actions so they could be tried at the conclusion of the Vendervort case. At the conclusion of that case this statement was filed, based upon proceedings had during the trial of the Vandervort case.

A somewhat similar situation was before the court in the case of *Evans* v. *Superior Court,* 107 Cal. App. 373 [290 Pac. 662], where the court said:

" . . . it is unnecessary to consider petitioners' point further as to the seasonableness of this application to disqualify Judge Tappaan, as it is plainly seen that the application to disqualify was filed as soon as the alleged bias and prejudice was ascertained by petitioners, and that there could not possibly have been a claim of bias and prejudice made by petitioners at or before the commencement of the McLeod case, because any such claim originated in, grew out of and was founded upon the opinion of the judge in the McLeod case."

It is also evident that these cases had never been commenced within the meaning of section 170 of the Code of Civil Procedure. In the Wilson and Newhall cases, as before noted, these actions were called for trial on June 29th during the course of the trial of the Vandervort case, and without notice. The only evidence then taken was by a witness who testified he knew the plaintiffs and that their lands bordered on the San Joaquin River. He was then withdrawn, to be recalled at a later date. It seems to have been clearly understood by court and counsel that the purpose of this evidence was merely to void the operation of the statute. The court recognized that to be the purpose, and so stated. It is also apparently conceded by counsel for both parties that the pleadings were yet to be settled.

In view of the foregoing, regardless of what the effect may have been under section 583 of the Code of Civil Procedure, it cannot here be held that the acts constituted a commencement of a hearing of any issue of fact within the meaning of section 170 of the Code of Civil Procedure.

As to the sufficiency of the statement of bias or prejudice there can be no doubt. In *People* v. *Compton,* 123 Cal. 403 [56 Pac. 44], the court said:

"In this case the defendant brought himself within the letter and the meaning of the provision. He made it appear by the facts set up in his affidavit (however ill-founded the affidavit may have been in truth) that the judge was biased and prejudiced against him. No counter-affidavits were filed. There was, then, not even a conflict upon the facts. The duty of the trial judge was plain. The defendant having made it appear by affidavit in conformity with the requirements of the statute that the judge was biased or prejudiced against him, his motion should have been granted."

Here also no written answer was filed to the allegations of defendants and we must accept those that are properly stated to have been true.

It therefore appears that petitioners have presented substantial grounds for disqualification of Judge Caminetti in the trial of these cases, and having been filed at the earliest practicable opportunity, and no denial interposed, the writ of prohibition should be granted, and it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 17, 1937.