[Civ. No. 3343. Fourth Dist. July 12, 1944.]

GELIA A. ROHR, an Incompetent Person, etc., Appellant,
v. EDWIN JOHNSON, Respondent.

Hubbell & Matherly for Appellant.

John A. Hewicker for Respondent.

BARNARD, P. J.—This is an action to recover for approximately $1,500 worth of personal property claimed to have been given to the defendant by Gelia A. Rohr at a time when she was incompetent. This appeal is presented on an agreed statement. However, after all briefs were filed the appellant filed a clerk's transcript.

The complaint alleged that the defendant came into possession of this property while occupying a confidential and fiduciary relationship with Gelia A. Rohr, and that she was then incompetent. It is not directly alleged that the defendant exercised any undue influence in regard to the matter, but there is a suggestion to this effect in an allegation that by reason of her being incompetent she reposed great trust and confidence in him. The answer denied all allegations of the complaint except those relating to the appointment of a guardian.

It appears that after all evidence was presented, and before argument, the trial judge made a statement in which he said:

"May I say this: the question in my mind is this—I have not any idea whatsoever that Mr. Johnson conspired to get anything away from the old lady; I do not entertain that notion for a second. I know Mr. Johnson. I know what kind of a man he is: I think he is a high minded, intelligent, honorable citizen."

He then pointed out that there still remained for him to determine whether Gelia A. Rohr was mentally competent at the time she made this gift and whether the defendant was acting in a fiduciary capacity at the time he accepted the gift. He

then said: "I am not doubting his honesty of purpose whatsoever. I think he accepted this in good faith. He may or may not be in a position to retain it—I don't know—I have not decided the case yet." He then asked for the citation of any authorities the parties might have to sustain their contentions.

Thereafter, the court found that on April 24, 1942, Gelia A. Rohr, in the presence of two witnesses, gave a portion of the property involved to the defendant as a gift; that in August, 1942, being about to discontinue housekeeping, Gelia A. Rohr asked the defendant to sell certain of her furniture (a part of the property involved here); that the defendant sold this furniture and paid the proceeds to her; that she was not mentally incompetent at the times in question but on the contrary was competent and in full control of her mental faculties; that when the property was turned over to the defendant she fully understood her act and the effect thereof, and did so with the full knowledge that it was being delivered as a gift; that no undue influence was at any time exerted over her by the defendant or by anyone on his behalf; and that on October 5, 1942, Gelia A. Rohr was by an order of court declared to be an incompetent person and a guardian was appointed. Judgment was entered in favor of the defendant.

The plaintiff filed an affidavit and a notice of intention to move for a new trial on the grounds that the evidence was insufficient to justify the finding that the plaintiff was not under the undue influence of the defendant, and that the remarks of the trial judge disclosed that he was biased in favor of the defendant. The trial judge filed an affidavit stating that he had made the remarks in question for the purpose of pointing out what he regarded as the material issues to the end that counsel, knowing his views, could direct their argument to the problems considered important for a fair and impartial decision in the matter; denying that he was at any time biased for or against any party; and alleging that he was not prejudiced or biased in any manner and that he believed he could render a fair and impartial decision on the motion.

By stipulation, the matter of the disqualification of the trial judge to hear the motion for a new trial was heard before another judge and the motion for disqualification was denied.

Thereafter, an order was entered denying the motion for a new trial, and the plaintiff has appealed from the judgment.

The appellant contends that the judge was disqualified because he had an undisclosed knowledge of the other party and that a new trial should have been granted on the ground of bias.

Subdivision 5 of section 170, Code of Civil Procedure, provides that a judge is disqualified to act in a matter when it is made to appear probable that by reason of his bias or prejudice a fair and impartial trial cannot be had before him. Under this statute not only must there be a showing of bias or prejudice but it must then be determined, as a matter of law, whether by reason thereof a fair and impartial trial cannot be had. (*Briggs* v. *Superior Court*, 215 Cal. 336 [10 P.2d 53].)

The claim of bias here is based on the fact that the judge knew the defendant and thought that he was honest. If this, standing alone, were held to be sufficient to establish prejudicial bias many judges would be of small use in their home counties. The mere fact that a judge entertains a general belief in the honesty of someone he knows is neither unusual nor indicates that he has such a fixed opinion as to impair his ability to weigh any evidence involving the acts of that person. None of the evidence produced at this trial is before us. It may have been such as merely to confirm any good opinion of the respondent's honesty previously held by the judge. It does not here appear that there was any conflict between the testimony produced by the respective parties or that the judge was in any way called upon to decide which of two sets of witnesses was telling the truth. At best, any showing of bias is not strong and it is very questionable whether the showing thus made could be held sufficient to show the existence of bias.

If we assume the showing to be sufficient in that regard the question remains whether a probability appears that a fair and impartial trial could not be had. The "gift" here in question was made five and a half months before the lady was adjudged incompetent. The only issues presented by the pleadings were whether she was incompetent at the time the gift was made and whether that gift was induced by undue influence on the part of the respondent. The honesty of the respondent had nothing to do with the first of these issues,

which appears to have been the main one. The question of his honesty was possibly but not necessarily involved in the second issue. Undue influence in the legal sense may be exercised by an honest person through persistent importunities. (*Estate of Ricks,* 160 Cal. 467 [117 P. 539].)

 Apparently, there was little dispute here as to the facts and no conflicting facts are pointed out as sufficient to support findings contrary to those made. The record indicates that the real questions submitted to the court were as to the legal effect of the facts established, that is, whether those facts showed that this lady was incompetent at the time and whether they were sufficient to establish that the gift was the result of undue influence. So far as here appears the honesty of the respondent was not very much involved. The statement of the judge indicates that he was considering these questions as matters of law and that before making up his mind he desired the assistance of counsel. On the record before us, it cannot be held as a matter of law that it appears probable by reason of anything here shown that a fair and impartial trial could not be had, or that it was not had.

 A further consideration is that the matter of the disqualification of a trial judge should be raised when the facts relied on are first discovered and, in any event, before the matter involved is submitted for a decision. Nothing was done when the remarks in question were made, nor until after the cause was submitted and decided. A party should not be allowed to gamble on a favorable decision and then raise such an objection in the event he is disappointed in the result.

 A question similar to that here presented was raised in connection with the motion for a new trial and a different judge held that the trial judge was not disqualified. The affidavits there used are in the record before us and they sustain that finding. Nothing here appears to require or justify a contrary conclusion on this appeal with respect to that question of fact.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.