[Civ. No. 14200.   Second Dist., Div. Three.   July 18, 1945.]

ADOLPH B. ROSENFIELD, Appellant, v. SIDNEY C.
VOSPER et al., Respondents.

Adolph B. Rosenfield, in pro. per., for Appellant.

D. A. Boone and Morris Lavine for Respondents.

SHINN, Acting P. J.—This is an appeal from an order holding the trial judge in the case, Honorable William R. McKay, not disqualified to rule on a motion for new trial. The case has been on appeal before. Plaintiff, who is an attorney at law, recovered a judgment of $12,567.32 as the value of legal services rendered to the defendants, and this was reversed on appeal (*Rosenfield* v. *Vosper* (1941), 45 Cal.App.2d 365 [114 P.2d 29]). The costs of that appeal, amounting to $1,932.30, were assessed against plaintiff (*Rosenfield* v. *Vosper* (1943), 57 Cal.App.2d 605, 611 [134 P.2d 529, 135 P.2d 579]). On February 2, 1942, at the conclusion of a retrial, the court caused to be made a minute order for judgment in favor of plaintiff in the sum of $3,000 as the value of plaintiff's services; on March 30, 1942, the court of its own motion vacated said order and directed further argument, following which the cause was reopened for the receipt of additional evidence on behalf of plaintiff. On September 23, 1942, the court rendered judgment in favor of plaintiff for $1,000 upon findings that he had performed the services for an agreed price. Plaintiff gave notice of intention to move for a new trial and on February 27, 1943, filed the affidavits of himself and his wife, each of which was labeled as an affidavit on motion for new trial. The statements contained in these affidavits are the basis of the charge of bias and prejudice on the part of Judge McKay. The clerk fixed March 10 as the time for hearing the motion. On March 8, in a proceeding to require defendants to produce a document upon the hearing of the motion for new trial, the charge of prejudice was brought to the attention of the court, and certain proceedings took place which will be set out hereinafter. At the conclusion of the hearing the court fixed March 15 as the time for presen-

tation of the motion for new trial. On March 15 an affidavit was made and filed by Judge McKay as his answer to the charge of prejudice. A copy was served upon plaintiff, who acknowledged receipt thereof "subject to my right to object to delay in serving and all other objections to answer this March 15, 1943." The judge filed a supplemental answering affidavit on the same day. No agreement having been made for the hearing of the motion by another judge, the matter of the alleged disqualification was duly referred to the Judicial Council and Honorable Emmet H. Wilson was designated to try the issue. The same was duly heard and on March 18 an order was made to the effect that Judge McKay was not disqualified. This order was entered on March 19 and on the same day Judge McKay made and entered an order denying plaintiff's motion for new trial. The appeal is from the order of Judge Wilson.

It is the contention of appellant that the answering affidavit of the trial judge was not filed within the time allowed by section 170 of the Code of Civil Procedure and that by reason thereof a hearing of the motion for new trial by another judge was mandatory. Section 170 provides that where disqualification of the judge is to be urged, ". . . any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge. Within five days after the presentation and filing of any such statement, the judge alleged therein to be disqualified may file with the clerk his consent in writing that the action or proceeding be tried before another judge, or may file with the clerk his written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his disqualifications. The clerk shall forthwith transmit a copy of the judge's consent or answer to each party or his attorney who shall have appeared in such action or proceeding. Every such statement and every such answer shall be verified by oath in the manner prescribed by Section 446 of this code for the verification of pleadings. . . . If such judge admits his disqualification, or files his written consent that the action or proceeding be tried

before another judge, *or fails to file his answer within the five days herein allowed,* or if it shall be determined after hearing that he is disqualified, the action or proceeding shall be heard and determined by another judge or justice not disqualified, who shall be agreed upon by the parties, or, in the event of their failing to agree, appointed by the chairman of the Judicial Council; . . ." (Italics added.) The section requires the verified statement of the objecting party to be presented to the court and filed with the clerk. It appears from the record that plaintiff filed his affidavits with the clerk on February 27, 1943, but did not deliver them to the judge personally. The record before us contains a reporter's transcript of the proceedings held in Judge McKay's court on March 8, 1943, which transcript is duly certified by Judge Wilson as having been presented to and considered by him at the hearing in the matter of the alleged disqualification, excepting certain writings included therein which are not pertinent to our consideration. One of the attorneys for defendants in open court informed Judge McKay that the affidavits which plaintiff had filed charged "this court with bias and prejudice" and that he, defendant's counsel, had filed his affidavit in answer thereto. Then followed an extended discussion between the judge and both counsel in the case as to one of the incidents occurring at the trial which plaintiff had described in his affidavit. After this discussion defendants' counsel asked for time to file a further answering affidavit, with reference to the incident. The court inquired as to the purport of the statement in plaintiff's affidavit and defendants' attorney stated, "The purport is that you and I belong to some fraternal organization and that you are biased and prejudiced, and this matter is brought up on the oath, the inference being that you and I attended the same meeting or did something together." The particular incident under discussion was but one of many contained in plaintiff's affidavit of some 55 pages which purported to amplify plaintiff's general charges of bias and prejudice. We find it difficult to discover any relevancy to the issue of bias and prejudice in many of plaintiff's rambling recitations but the general purport of most of them is that many rulings adverse to plaintiff in the course of the trial were tainted with bias and prejudice. Following a lengthy discussion of the particular incident, Judge McKay said, "Well I will peruse the affidavit very carefully and in the event this court is of the opinion that he should make an affidavit, he will make an affi-

davit.'' Plaintiff had requested earlier in the hearing that the application then before the court and the motion for new trial, as well, be heard on March 10, stating that that would give the court time to consider the affidavits upon the motion and he expressed the embarrassment to himself and to the judge occasioned by the attempted disqualification, and the judge stated, ''It is rather unusual; the court started this case in October of 1941, and now in March of 1943, for the first time is the suggestion made that the court was biased and prejudiced; rather an unusual situation, but nevertheless one that we want to go into very carefully, and one which, I assure you, Mr. Rosenfield, will be gone into very carefully.'' The court then granted the attorney for the defendants two days within which to file additional answering affidavits and directed that they be served upon plaintiff within the two-day period. As heretofore stated, the answer of the judge was not filed until seven days after the foregoing proceedings had taken place. In his affidavit the judge denied any bias or prejudice toward plaintiff and set forth a narration of the proceedings which evidenced a long and patient consideration of plaintiff's extensive evidence and arguments. In his supplemental affidavit the judge stated that plaintiff's affidavit had not been handed to him by the clerk until March 12 and that he first read the affidavit at that time.

We are of the opinion that the proceedings which took place on March 8 constituted a sufficient presentation to the judge as of that date of plaintiff's statement of alleged disqualification. It was understood by the parties and the court that the issue of disqualification had been raised by the affidavits which were on file. In view of the statement of the judge that he would peruse the affidavits, give them his careful attention and file an answering affidavit if he concluded that he should do so, it was unnecessary that they be taken from the file and handed to the judge personally. The five days within which an answer of the judge might be filed commenced to run on March 8 and his answer was not filed until seven days thereafter.

If the limitation of time for filing the answer is mandatory, the expiration of that time without the filing of an answer amounted to a disqualification of the judge as a matter of law. Prior to the amendment of section 170 of the Code of Civil Procedure in 1927, a judge could try the question of his own

disqualification upon affidavits. The affidavit alleging disqualification had to be filed and served upon the adverse party or his attorney at least one day before the day set for trial of the action or proceeding, and counteraffidavits might be filed at least one day thereafter, or within such further time as the court might grant, not exceeding five days, and the trial might be continued for this purpose. It was provided by the amendment of 1927 (Stats. 1927, p. 1403, chap. 744) that a judge who denied his disqualification should not hear or pass upon that question but that it should be heard and determined in every such case by some other judge to be agreed upon by the parties or, if they failed to agree, by a judge designated by the chairman of the Judicial Council. It was made the duty of the clerk to notify the chairman of the Judicial Council, within five days after the expiration of the time allowed for the judge to answer, of the fact that the parties had not agreed upon another judge to hear and pass upon the question of disqualification. Upon the point here in question the law has not been changed since 1927 except by the addition of the word "justice" as one who may be designated to hear and determine the question of disqualification. It was held in *Grinbaum* v. *Superior Court,* 189 Cal. 741 [209 P. 1005], decided in 1922, that a judge before whom an action was pending had jurisdiction to pass upon the question of his alleged bias and prejudice and to consider counteraffidavits notwithstanding the fact that they were filed after the period fixed by statute, the statute in that regard being directory. This conclusion necessarily followed from the fact that the judge had jurisdiction to pass upon the question and there was nothing in the law depriving him of jurisdiction through the failure to file counteraffidavits within the prescribed five days. He had an undetermined and indefinite time within which to pass upon the question. The case illustrates the state of the law at the time the Legislature revised the entire procedure in 1927. Since that time it has been the law that the matter of disqualification must be heard by another judge, and the procedure therefor is specific and complete. Also, the matter before the court for trial upon a question of law or fact must be heard by another judge in any one of three situations, namely, the admission by the judge of his disqualification, the failure of the judge to file an answer within the five days, or a finding of disqualification made by another judge. The

Legislature could not have stated more clearly than it has that a judge accused of bias and prejudice becomes disqualified automatically upon his failure to file an answer within five days after the presentation and filing of the statement of disqualification. ▋ It is a well settled rule that where the law prescribes the consequences that will follow the failure to do an act within a given time, the limitation is mandatory and not directory, and that the prescribed consequence cannot be defeated by performance of the act after the time allowed. It was said in *Thomas* v. *Driscoll* (1940), 42 Cal.App.2d 23, 27 [108 P.2d 43], quoted with approval in *Whitley* v. *Superior Court* (1941), 18 Cal.2d 75, at 79 [113 P.2d 449] : " '. . . Although imperative words are sometimes held to have only a directory meaning, this rule of interpretation is not applicable when a consequence or penalty is provided for a failure to do the act commanded. This is a California rule and is supported by the weight of authority in other jurisdictions.' "

▋ The statute here is so clear that it leaves no room for interpretation. The law with reference to the determination of the question of disqualification, as it existed prior to 1927, was inadequate and unsatisfactory in many respects. The practice has been entirely changed. Where no answer is filed within the time allowed the judge to file one and if another judge is not agreed upon, the matter passes to the chairman of the Judicial Council, not for the designation of a judge to try the question of disqualification, but to try the pending action or proceeding. This definite procedure cannot be set at naught and defeated by the filing of an answer after the expiration of the allotted five days. It is of the very essence of the plan of section 170, *supra,* that the answer be filed within five days in order to pave the way for further proceedings, and this is an additional reason why the limitation is mandatory. (*Whitley* v. *Superior Court, supra.*)

▋ Respondent insists that the order should be affirmed for the reason that the appeal involves only a moot question, that even if the order be reversed the time allowed for the court to pass upon a motion for new trial has long since expired, and that the trial court will be without jurisdiction to grant plaintiff's motion. We have heretofore denied a motion to dismiss the appeal upon the same ground, considering it advisable to give effect to the holding in *Collins* v. *Nelson* (1940), 41 Cal.App.2d 107 [106 P.2d 39], as authority upon

the point, until the statutory law on the subject has been revised so as to provide for the addition to the sixty days allowed for ruling on a motion for new trial of the time consumed in the final determination of the question of disqualification of the judge before whom the action or proceeding is pending.

Respondent points out that plaintiff's affidavit, while attested by a notary public, was not in the form of verification specified in section 446 of the Code of Civil Procedure, as required by section 170. The oath to an affidavit is in form more forceful than the oath made in the verification of a pleading, and we think the statement of disqualification in the form of an affidavit was sufficient. If it was not, neither was the answer of the judge, for his verification was in the same form. The matter was heard upon the merits, without objection as to the form of verification of the statement or answer.

The order is reversed.

Wood (Parker), J., and Fox, J. pro tem., concurred.

A petition for a rehearing was denied August 6, 1945, and respondents' petition for a hearing by the Supreme Court was denied September 13, 1945.