[Civ. No. 20540.   Second Dist., Div. One.   Dec. 16, 1954.]

SARAH D. BOLLOTIN, Appellant, v. STOCKTON SAV- INGS AND LOAN BANK, as Trustees, etc., et al., Re- spondents.

Sarah D. Bollotin, in pro. per., for Appellant.

MacFarlane, Schaefer & Haun, William Gamble and Frank W. Swann, Jr., for Respondents.

DORAN, J.—This is an appeal from the judgments and orders of dismissal of the action following the failure to file an amended complaint after an order sustaining the demurrer.

The appeal relates to two judgments and orders, one dated April 5, 1954, wherein Judge James G. Whyte granted a motion of three of the defendants to dismiss the action together with judgment of $116.50 for costs. The other, dated April 13, 1954, wherein Judge Philbrick McCoy granted a similar motion by two other defendants for the same reason and the action was dismissed as to them.

It is contended on appeal that the orders and judgments are invalid because the proceedings were suspended by reason of an affidavit of prejudice filed by appellant on March 25, 1954, alleging prejudice of Judge James G. Whyte and personally served on April 1, 1954.

The demurrers had been sustained on March 18th and 22d with 20 days to amend. Thus it appears that on March 25th when the affidavit of prejudice was filed there was nothing pending for determination.

Obviously, however, appellant had the right, before the 20 days had expired to make a motion for a reconsideration of the issue.

Whether the demurrer should have been sustained is beside the issue. The only question is the validity of the judgment and order. By virtue of the provisions of section 170, Code of Civil Procedure, the judgment is invalid. The filing of the affidavit of prejudice and the personal service thereof on the judge suspended the proceedings. (See *Vallejo* v. *Superior Court*, 199 Cal. 408 [249 P. 1084, 48 A.L.R. 610] ; *Miller & Lux, Inc.* v. *Superior Court*, 19 Cal.App.2d 628 [66 P.2d 689] ; *Rosenfield* v. *Vosper*, 70 Cal.App.2d 217 [160 P.2d 842].)

The judgments are reversed and the cause remanded.

White, P. J., and Drapeau, J., concurred.

Petitions for a rehearing were denied January 6, 1955, and respondents' petitions for a hearing by the Supreme Court were denied February 10, 1955.