[S. F. No. 19259. In Bank. Nov. 1, 1955.]

A. G. KEATING, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; HARRY E. FOSTER, Real Party in Interest.

Dan L. Garrett, Jr., for Petitioner.

Morris Lowenthal, Juliet Lowenthal and Karl D. Lyon for Respondents and Real Party in Interest.

GIBSON, C. J.—Petitioner is the defendant in an action brought to recover damages for fraudulent conversion of the assets of a business. (*Foster* v. *Keating*, 120 Cal.App.2d 435

[261 P.2d 529].) The case was tried without a jury, and after the conclusion of testimony the trial judge, Honorable Samuel F. Finley, said with reference to defendant's testimony, ''I know some of those statements he made were untrue and palpably false; and I think a situation of this kind to a certain extent is a situation that the grand jury ought to investigate, . . . because people shouldn't be permitted to take the stand and give testimony that is false.'' He then orally announced that judgment would be given against defendant in the sum of $35,000.

The plaintiff in the action applied to the court to increase the award of damages, and at the hearing defendant sought to reopen the case for the purpose of introducing certain books of account. The judge stated that it was unnecessary to go into the books since they would not show anything to alter his conclusion. He added, ''Of course I make the further observation that the figures in the books were placed there either by the hand of or under the direction of Mr. Keating, and I have no confidence at all in Mr. Keating's integrity and veracity, and I wouldn't have any confidence in the figures . . in those books.'' The award was then increased to $50,000 but was later set at $40,940. Findings and judgment were thereafter filed.

On appeal by defendant from the adverse judgment, it was held that the issue of liability was correctly determined but that the action must be remanded for retrial of the issue of damages. (*Foster* v. *Keating*, 120 Cal.App.2d 435, 451-455 [261 P.2d 529].)

Some months later plaintiff filed notice that he would make a motion in the department where Judge Finley was presiding to set the action for further proceedings. Defendant filed a petition and affidavit for change of judge on the ground that the judge's statements showed him to be disqualified by reason of bias and prejudice against defendant. No answering affidavit was filed by the judge, but after argument he reaffirmed his opinion that defendant had not told the truth at the trial, although he denied any disqualification and said that he did not feel he had ''any prejudice, any more than any judge would have against someone who doesn't tell the truth.'' He struck the petition from the record, asserting that it was not timely and that the evidence was not sufficient to support a charge of disqualification.

Petitioner then brought this proceeding in prohibition to restrain Judge Finley from hearing the retrial of the issue

of damages, claiming that a fair and impartial trial could not be had before him.

■ Prohibition is a proper remedy to test whether a judge is disqualified where, as here, the facts are without substantial conflict. (*Briggs* v. *Superior Court*, 215 Cal. 336, 341 [10 P.2d 53]; *Miller & Lux Inc.* v. *Superior Court*, 19 Cal.App.2d 628 [66 P.2d 689]; *Chastain* v. *Superior Court*, 14 Cal.App.2d 97, 104 [57 P.2d 982]; see *Kreling* v. *Superior Court*, 25 Cal.2d 305 [153 P.2d 734].) ■ The order striking the petition for a change of judge is not immediately reviewable by appeal, and an appeal from a subsequent judgment is not an adequate remedy. (See *Briggs* v. *Superior Court*, *supra*, 215 Cal. at p. 341; 1 Witkin, California Procedure (1954), p. 177.)

Section 170 of the Code of Civil Procedure provides in part that "No justice or judge shall sit or act as such in any action or proceeding: . . . 5. When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him," that any party may file "a written statement . . . setting forth the fact or facts constituting the ground of the disqualification of such judge," that within five days thereafter the judge may file an answer admitting or denying the allegations of the statement, and that "No judge of a court of record, who shall deny his disqualification, shall hear or pass upon the question of his own qualification. . . ."

■ Under this section, if the written statement is timely and states sufficient facts, it is the duty of the judge to file an answer within five days or be disqualified from sitting until the matter of his bias is passed upon by another judge. (*In re Harrington*, 87 Cal.App.2d 831, 834-835 [197 P.2d 783]; *Rosenfield* v. *Vosper*, 70 Cal.App.2d 217, 221-223 [160 P.2d 842]; 1 Witkin, California Procedure (1954), pp. 173-176.)

■ Where, however, the statement is legally insufficient, the judge may ignore it or strike it from the files. (*Neblett* v. *Pacific Mut. L. Ins. Co.*, 22 Cal.2d 393, 401 [139 P.2d 934]; *Fishbaugh* v. *Fishbaugh*, 15 Cal.2d 445, 457 [101 P.2d 1084]; *People ex rel. Department of Public Works* v. *McCullough*, 100 Cal.App.2d 101, 108 et seq. [223 P.2d 37].)

■ In deciding questions of fact a judge may often reject the testimony of a party, but this does not necessarily indicate that he believes that the party was guilty of deliberate falsification. ■ The rejection of the testimony may have been the result of a consideration of the ability of the party

to observe or remember, and in such a situation failure to accept a party's version of the facts does not show that the judge is biased or prejudiced against him. Nor is a judge disqualified from proceeding to try and decide a case or pass on a motion for new trial because he states during the course of the trial that in his opinion a party has deliberately given false testimony, provided the opinion of the judge is based upon a consideration of the evidence produced. (*Cf Fishbaugh* v. *Fishbaugh,* 15 Cal.2d 445, 456-457 [101 P.2d 1084] ; *Chastain* v. *Superior Court,* 14 Cal.App.2d 97, 101 et seq. [57 P.2d 982].) It is the duty of a judge when acting as the trier of the facts to pass upon the credibility of witnesses, and if he believes that a party has testified falsely, and chooses to say so rather than remain silent, he is not disqualified from proceeding to render judgment.

 The rule is different, however, where a judge is about to retry a case after having stated during the course of the prior trial that he believes a party has wilfully sworn falsely. Such is the situation here, as there must be a complete new trial on the issue of damages. (*Foster* v. *Keating,* 120 Cal. App.2d 435, 451-455 [261 P.2d 529].) When a judge has stated that a party has given false testimony, even though his belief is founded on the evidence before him, he is disqualified from retrying the case. (*Briggs* v. *Superior Court,* 215 Cal. 336, 343 et seq. [105 P.2d 53] ; *Chastain* v. *Superior Court,* 14 Cal.App.2d 97, 101 et seq. [57 P.2d 982] ; *Evans* v. *Superior Court,* 107 Cal.App. 372, 380-384 [290 P. 662] ; see 1 Witkin, California Procedure (1954), p. 168 et seq.)

In *Evans* v. *Superior Court, supra,* the judge, at the close of the trial, stated that in his opinion two of the defendants had been guilty of deliberately falsifying while under oath. Later another case in which these two persons were parties was assigned to the same judge for trial, and prohibition was sought to prevent the judge from trying the case. It was held that the judge was biased and prejudiced against the defendants and that a fair and impartial trial could not be had before him. (107 Cal.App. 372, 380-384.) The Evans case was expressly approved in *Briggs* v. *Superior Court, supra,* which involved a retrial. The court there stated, "As the trier of the facts [the judge] will be called upon to pass on the credibility of these petitioners as the principal witnesses in their own behalf. Is it humanly possible or probable that a judge who has stated under oath that it is his opinion that these petitioners have deliberately falsified under

oath can pass upon their credibility with that impartial judicial mind which should exist in the trier of the facts? We think it not probable." (215 Cal. at p. 345.) The Chastain case also involved a retrial, and the court held that it is "the right of a litigant to have his cause tried by one who has no preconceived opinion against his veracity which may preclude a full and fair consideration of the facts and the law which are involved therein. . . . When there is uncontradicted evidence that the trial judge entertains a fixed opinion that a party to an action has deliberately perjured himself upon a material issue or that he is unworthy of belief, and frankly admits he possesses that frame of mind, the law entitles the litigant to the privilege of a trial before some other judge. Under such circumstances the question regarding the existence of bias or disqualification becomes one of law." (14 Cal.App.2d 103, 104.)

The cases of *Kreling* v. *Superior Court,* 25 Cal.2d 305, 310 et seq. [153 P.2d 734], *Fishbaugh* v. *Fishbaugh,* 15 Cal.2d 445, 456-457 [101 P.2d 1084], and *McEwen* v. *Occidental Life Ins. Co.,* 172 Cal. 6, 10-11 [155 P. 86], are in accord with the rules set forth above. In the McEwen case the judge was held not disqualified to pass on a motion for a new trial by reason of his statement "I do not see how the jurors could possibly have reached this verdict." (172 Cal. at p. 10.) The judge did not charge a party with perjury or even express a view with respect to the credibility of witnesses, and his statement may have been based on his opinion of the law or the weight of the evidence. In the Fishbaugh case the judge was held not disqualified to continue with the trial or to pass on a motion for new trial by reason of his statements, made at the conclusion of the taking of the evidence, that defendant "took the law into his own hands" and "misrepresented his financial condition" to the other party. (15 Cal.2d at p. 456.) The claim of disqualification was not made in connection with a retrial of the action. The Kreling case involved four connected actions set for trial before the same judge, in each of which the identical affirmative defense was interposed, and it was stipulated by the parties that the decision on the affirmative defense in the first case "should be accepted and govern the decision of that same issue in all the other cases." (25 Cal.2d at p. 313.) After the judge had indicated what his decision would be on the affirmative defense in the first case an effort was made to disqualify him from continuing with the trial of the other cases, and it was held that there was

no basis for the disqualification. The qualification of the judge to retry the case was not involved since there had in effect been a consolidation of the cases and a partial trial of each of them. Moreover, the judge did not charge that a party had given perjured testimony.

It thus appears that the cases which have dealt directly with the problem have held that where a judge has stated that he is of the belief that a party has wilfully given false testimony he is disqualified from hearing a retrial of the case, and we are of the opinion that the same rule is equally applicable whether the subsequent trial be of the whole case or a retrial of a single issue such as damages. The existence of grounds for the disqualification of Judge Finley is particularly apparent since he not only charged petitioner with having given false testimony but also stated, in rejecting the books of account, that he had no confidence in petitioner's integrity or veracity and that he would have no confidence in the books because they were kept by petitioner or under his direction. The refusal to admit the books was one of the main grounds of petitioner's appeal, and they will no doubt be important evidence in the retrial of the issue of damages. This attitude of the judge toward petitioner apparently still existed at the time he struck out the statement of disqualification, since he then said he did not feel any more prejudice against petitioner "than any judge would have against someone who doesn't tell the truth." Under these circumstances it would appear probable that a fair and impartial trial cannot be had before Judge Finley.

The remaining question to be determined is whether the application for disqualification was timely. Subdivision 5 of section 170 of the Code of Civil Procedure provides in part: "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge." The reason for requiring a prompt claim of bias is that a party should not be allowed to play fast and loose with the administration of justice by deliberately refraining from raising an objection, on the chance that he might get a favorable decision and still be free to urge the objection as grounds for upsetting an unfavorable judgment. (*Woolley* v. *Superior Court*, 19 Cal.App.2d 611, 619,

625 [66 P.2d 680] ; see *Rohr* v. *Johnson*, 65 Cal.App.2d 208, 212 [150 P.2d 5].) ▉▉▉ Insofar as the retrial is concerned, it is clear that the statement of disqualification met the purposes of the statute and was timely because it was presented promptly after petitioner learned that the case was again to be set for trial before the same judge.

Let a peremptory writ of prohibition issue restraining the Honorable Samuel F. Finley from hearing a retrial of the action.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I reluctantly concur in the judgment, but because of the rule set forth in *Chastain* v. *Superior Court*, 14 Cal.App.2d 97 [57 P.2d 982], *Briggs* v. *Superior Court*, 215 Cal. 336 [10 P.2d 53], and *Evans* v. *Superior Court*, 107 Cal.App. 372 [290 P 662], I can see no escape from the conclusion reached by the majority.

I feel, however, that when a trial judge, sitting without a jury, decides a case in favor of one of the parties litigant as indeed he must, the only inference to be drawn therefrom is that he believed one side and disbelieved the other. This court, or an appellate court, later reverses the judgment and the cause is remanded for a new trial. In such a situation, I believe that the same trial court should not be permitted to sit in the matter since the implication is clear that once having determined in his own mind, if not publicly, that one or the other of the parties was telling the truth he might, in the absence of entirely new and different evidence, be biased and prejudiced against the opposing litigant. In my opinion it would be better in all such cases to have the retrial proceed before a judge to whom the cause was a new one. This, however, is not the law either by legislative enactment or case law.

It is true that here Judge Finley openly and frankly stated his views with respect to the integrity of one of the parties who had been a witness before him. For this I believe he is to be commended. If he had entertained the same opinion but had remained silent, he would have been subject to no criticism even under the majority opinion and could have retried the cause without subjecting himself to a charge of bias and prejudice. So the moral appears to be, that if a trial judge does not wish to be disqualified in the event of a new trial, he should keep his opinions to himself.