[Civ. No. 19101.   First Dist., Div. Two.   Mar. 27, 1961.]

STELLA MARGARET BLACKWELL, Respondent, v.
ROBERT CHAUNCEY BLACKWELL, Appellant.

Robert Chauncey Blackwell, in pro. per., John R. Golden and Twohig, Weingarten & Haas for Appellant.

Wyckoff, Parker, Boyle & Pope for Respondent.

DRAPER, J.—Defendant husband moved for modification of a divorce decree to transfer custody of the two minor children from plaintiff wife to him. His motion was denied, and on plaintiff's motion she was granted leave to remove the children temporarily from the United States. In the course of the proceedings, husband moved to disqualify the trial judge for cause (Code Civ. Proc., § 170, subd. 5). Although the record on the latter motion is somewhat cloudy, it is clear that no hearing was held on the claimed disqualification, and that the judge did determine both custody motions. Defendant appeals.

The voluminous record before us includes transcript of a juvenile court proceeding involving fitness of the mother to have custody of the children.

On May 20, 1959, about a year after entry of interlocutory decree, hearings were commenced in juvenile court upon the petition of one Yantis, who had alleged that the children fell within subdivision (b) of Section 700, Welfare and Institutions Code, by reason of conduct of the mother, particularly her asserted sexual molestation of the daughter of the parties, which Yantis alleged he had witnessed through a window of the mother's home. The record discloses that defendant husband's attorney had, shortly after filing of Yantis' petition, proposed to file a motion in the divorce action for change of custody and to file therewith an affidavit setting forth Yantis' allegations. The judge pointed out that an affidavit in the divorce proceedings would be open to the public, whereas that in the juvenile court was not. Accordingly, filing of defendant's motion was deferred until May 27, although it is apparent that all parties proceeded in the juvenile court matter as though such motion had theretofore been filed. Although the juvenile court transcript shows no express stipulation, it is clear from the record as a whole that plaintiff and defendant, as parties to the juvenile court proceeding represented therein by the same counsel who appeared for them in the divorce action, tacitly agreed that the record in the juvenile court matter would be deemed a part of the record in the two custody motions in the divorce proceeding which were to be heard immediately following the juvenile

matter. This view is substantiated by the fact that counsel, in the later presentation of the two custody motions, incorporated by reference the juvenile court transcript.

Toward the close of the morning session May 28, the juvenile court matter was submitted. The judge orally reviewed the evidence in detail, stating his conclusions as to the accuracy, partiality and bias of the many witnesses who had been called. He refused to accept as accurate much of the testimony of husband and his witnesses, and dismissed the proceeding.

After the noon recess, the court, now sitting in the divorce matter, proceeded to consideration of defendant husband's motion for transfer of custody to him. Husband called several witnesses upon this motion, wife offered evidence, the record of the juvenile court proceeding was incorporated, and the parties announced that they had no further evidence on the issue. The case was continued to June 1 for argument. On June 8, after two continuances because of defendant husband's illness, hearing on defendant's motion to modify resumed. Counsel argued the matter and the court denied defendant's motion.

After that ruling, counsel for defendant announced that defendant had planned to substitute another attorney (he had already had eight attorneys) to make a motion, but that the latter now refused to serve, and that defendant's trial counsel desired to be permitted to withdraw from the case. This motion was denied.

Defense counsel then for the first time stated that he had an affidavit of bias and prejudice which had been prepared for presentation by the attorneys who had been asked by defendant to enter the case at this point but who now declined the employment. Although the transcript shows that an affidavit was read by the trial court, which at one point ordered it stricken, it in fact was never filed nor offered to the clerk for filing. Defendant's oral motion for disqualification of the judge was denied. The court then heard evidence upon two pending orders to defendant to show cause why he should not be held in contempt and disposed of those matters, which are not involved in this appeal. The court then heard plaintiff and defendant as witnesses upon plaintiff wife's motion to modify the decree. Upon submission of the latter matter, the wife was granted leave to take the children out of the United States for a period of six months.

Although appellant's brief does not specify insufficiency of

the evidence as a ground for reversal, much space is devoted to arguing the weight to be given the testimony of the several witnesses. We have examined the record in detail. There is directly conflicting testimony as to the acts of plaintiff wife and her attitude toward and care of her children. There is like conflict in the expert testimony as to her psychiatric condition. It is the function of the trial court to resolve conflicts in the testimony. We merely determine whether there is substantial evidence to sustain the trial court's finding. Here the substantiality of such evidence is beyond question.

Defendant-appellant relies principally upon the failure of the trial judge to disqualify himself or to file written denial of his disqualification and have the issue determined by another judge.

This claim can have no bearing upon the appeal from the order denying defendant husband's motion to remove custody from the wife. That motion was fully heard and determined before any suggestion of the judge's alleged disqualification was made.

However, the wife's motion for leave to take the children from the country was heard, and the order granting her permission to do so for not to exceed six months was made, after the oral motion to disqualify. Hence, if the claimed disqualification was timely, properly made, and factually sufficient, the order permitting removal of the children must be reversed.

In considering the question of disqualification, it must first be noted that no written statement objecting to the judge's hearing the motion was ever filed. The statute (Code Civ. Proc., § 170, subd. 5), provides that the objecting party may "present to the court and file with the clerk a written statement objecting to the hearing of such matter . . . [by the judge claimed to be disqualified], and setting forth the fact or facts constituting the ground of the disqualification." The reporter's transcript shows that an affidavit of bias and prejudice was presented to the judge at the hearing of June 8. A small portion of it is quoted in that transcript. However, it was not offered for filing or handed to the clerk. The record on this appeal contains an affidavit of bias and prejudice filed June 22. The record is clear, however, that this affidavit was submitted to the clerk at least 11 days after the court's ruling upon the matters here appealed from, as part of an amended request for further transcript on appeal. This request was filed by the attorney who had by then been sub-

stituted as defendant's attorney on this appeal. That attorney had not been counsel at trial nor had he been present. After filing of appellant's opening brief and before oral argument, he was relieved, on his own motion, of the duty of further appearances herein. It is apparent that his unverified identification of this affidavit to the county clerk was but hearsay. On this extremely unsatisfactory record, we might well disregard the claimed affidavit and dispose of this point on the ground that no showing of any proper claim of disqualification is made. However, in view of the gravity of the charges made by appellant against his wife, and the fact that the welfare of two children of tender years is involved, we have examined the claimed affidavit and shall refer to its merits.

The affidavit, although not presented to the court until June 8, dealt wholly with the statements the judge had made on May 28 in determining the juvenile court proceeding. The code requires that the statement alleging disqualification "shall be presented at the earliest practicable opportunity" after discovery of the facts constituting the claimed bias. The delay here may be considered in passing upon the issue of disqualification (see *Rohr* v. *Johnson*, 65 Cal.App.2d 208, 212 [150 P.2d 5]).

Furthermore, the affidavit falls short of alleging facts showing disqualification. It deals only with the statements made by the judge in open court in reviewing the testimony in the juvenile matter. ▇ In general, statements of a judge as to credibility and reliability of witnesses do not disqualify him to determine the issue before him (*Kreling* v. *Superior Court*, 25 Cal.2d 305 [153 P.2d 734]; *Fishbaugh* v. *Fishbaugh*, 15 Cal.2d 445 [101 P.2d 1084]; *McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6 [155 P. 86]). Of course, a judge cannot retry an issue of fact as to which he has, by a gratuitous act not required of him in his official capacity, demonstrated a fixed opinion as to the fact issue to be tried (*Calhoun* v. *Superior Court*, 51 Cal.2d 257 [331 P.2d 648]). Nor may he retry a fact issue when he has, at the trial preceding reversal and remand, stated his belief that a party who will be a material witness on the retrial has wilfully sworn falsely and is not worthy of belief (*Keating* v. *Superior Court*, 45 Cal.2d 440 [289 P.2d 209]). But that is not the situation here presented. The trial judge did not, in reviewing the juvenile court testimony, conclude that there had been any wilful false swearing by defendant. He did accept medical testimony that defendant was an "obsessive-compulsive per-

sonality," and that his thoughts were at that time "leaving the realm of reality." Detailed review of the court's statement at the close of the juvenile proceeding and of defendant's affidavit reveals that the opinion expressed by the judge does not approach those condemned in Calhoun and Keating.

■ An affidavit of prejudice which does not raise a triable issue may be stricken or disregarded (*Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 182-183 [281 P.2d 250]; *People ex rel. Dept. of P. W.* v. *McCullough*, 100 Cal.App.2d 101, 107-110 [223 P.2d 37]).

■ More important, Calhoun and Keating are completely distinguished from the case at bar in that both involved retrial of a fact issue previously determined and remanded by an appellate court after reversal in whole or in part. Here the parties obviously tried three proceedings successively, upon the understanding that the testimony and conclusions in each were to be deemed a part of the next succeeding matter. The parties clearly were acting to conserve their own time and that of the court.

By the time defendant asserted prejudice of the trial judge, the juvenile court proceeding and defendant's motion to have the mother deprived of custody had been fully presented and finally determined. The only remaining issue was whether the mother, having custody, should be permitted to remove the children from the jurisdiction. It is clear that the parties did not contemplate retrial of the entire question of the mother's fitness for custody of the children, and neither sought to relitigate that issue. If defendant's charges as to his wife's unfitness had been accepted, she obviously would not be entitled to custody at all, and the question of her right to take her children outside the jurisdiction would not have been litigated. In fact, her competency had been determined. With that question settled, the only remaining issues were whether she could be relied on to return the children once she left the jurisdiction, whether the proposed trip would be in any way harmful to the minors, and such other points as might bear on the limited issue remaining before the court. The mental state and reliability of defendant— the only issue as to which he claimed prejudice—were not relevant to the determination required of the court. In a like situation, it has been held that the claim of disqualification could not be sustained (*Kreling* v. *Superior Court, supra,* 25 Cal.2d 305). As was there said (p. 313), "the attempt . . . to call in another judge to try the other [motion] is

simply an attempt to have another judge pass upon the same question which Judge [Perry] has decided.''

■ Defendant seems to suggest that permitting the mother to take the children outside the United States is, of itself, an abuse of discretion. He is in error (*Gantner* v. *Gantner*, 39 Cal.2d 272, 275-280 [246 P.2d 923]).

The orders are affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.